The opinion of the court was delivered by
Brewer, J.:
This case was submitted to the district court upon an agreed case, as authorized by § 525 of the civil code. It is objected that all the necessary parties were not before the court, and that the question was not properly submitted. Miller was an acting justice of the peace; Frazer claimed to have been elected his successor, and this was. the question submitted. This presented a question “ which might be the subject of a civil action” between these parties, and could therefore be submitted in this manner. There was no necessity of making the other acting justice a party to this submission, even though the tenure by which he held his office might be an important fact in determining the question between these contestants. Frazer was not seeking to oust the other justice. He claimed the right to occupy Miller’s office, and they two were the only necessary or proper parties to the controversy.
The material facts in the case are as follows: In April 1871, Miller and one Thomas Wheeler were duly elected and *461 qualified as the justices of Clay Center township. In December 1871 the county commissioners divided the township. By such division Miller was left in Clay Center township, and Wheeler was thrown into and became a justice of the new township. Miller remained thereafter sole justice, till April 1872, when one R. D. McCord was elected and qualified'. In April 1873 only one justice was voted for, as called for by the sheriff’s proclamation, and Frazer was duly elected and qualified as such justice. Did he succeed Miller, and was he entitled to Miller’s docket and papers? In answering this question it becomes necessary to determine whether McCord was elected in 1872 for a full term of two years, or to fill a vacancy. If simply to fill a vacancy, both his term and Miller’s expired in 1873. The two townships created by the division in December 1871 were each entitled to two justices. They were each entitled immediately upon the division, and if either was deprived of a justice by such division there was an office to be filled. An- election could not be held until the succeeding spring, so that an appointment would have been proper. This appointment would hold only until the next spring election. (Const., art. 3, § 11; The State, ex rel. Watson, v. Cobb, 2 Kas., 32.) This appointment would not complete a term, (two years,) and of course the election in 1872 would be for the unexpired term. Both appointment and election could be only for the “vacancy” caused by the vacation of the office by Wheeler. (Gen. Stat., 1083, ch. 110, § 5.) By the division Wheeler vacated the office of justice of Clay Center township. He did not, it is true, cease to be a justice, but he ceased to be a justice of Clay Center township, and became a justice of another township. There could be no question but that, if the boundaries of Clay Center township had not been disturbed, Wheeler’s office would have become vacant on his removal from the township. He was removed from the township, not by his own volition, but by the act of partition. The result is the same, though the manner of- accomplishment is different. There was a removal from the township, and thereby the *462 office became vacant. The election in 1872 was therefore only to fill a vacancy, and in 1873 both Miller’s and McCord’s terms of office expired. Each then would hold until his successor was qualified. (Const., art. 3, § 12; Borton v. Buck, 8 Kas., 302.) There having been but one justice elected in 1873, whom did he succeed? We have searched the constitution and the statutes in vain for any provision for such a contingency. It does not seem to have been contemplated by our law-makers, that a case could ever arise in Kansas of a dearth of candidates, or a lack of office-holders. By § 194 of the justices act (Gen. Stat., 817,) where two or more justices claim to be the successors of a particular justice, and entitled to his docket, the county commissioners are authorized to decide between them. It may be within the spirit though not within the letter of this statute for the commissioners to make a decision in this case. It does not appear from the record that any appeal was ever made to them to determine this dispute. Of Frazer’s right to act as justice there can be no question. A failure to elect two, does not invalidate the election of one. As to whether McCord, or Miller, holds over, the law has furnished no means of determination. We cannot make good the omission of the law-making power. The judgment of the district court was therefore erroneous.
As this was an agreed case, without plaintiff or defendant, the judgment should have been to dismiss the matter, and divide the costs between the parties; and the case will be remanded with instructions to so dispose of the case. The judgment in this court will carry costs against the defendant in error. As the spring election (for 1874) is near at hand, we. suggest that at such election.one justice be elected by the voters of Clay Center township. Such justice and Frazer will then be the unquestioned justices, and any differences between them as to whom each succeeds can be settled by the commissioners under the section cited.
All the Justices concurring.