THE STATE EX REL. JOHN H. SPALDING v. JAMES E. SMITH.

(Case No. 1101.)

1. OFFICE — SUBSIDY TAX.— There is no such office as that of assessor and collector of railroad subsidy tax for the town of Waxahachie.

2. QUO WARRANTO.— Where there is no such intrusion into the office of collector of taxes as prevents him from proceeding with collections, and the controversy does not involve the right to his office, but the question whether he or another officer has the right to assess and collect, a proceeding by *quo warranto* is not the remedy.

3. QUO WARRANTO.— A proceeding by *quo warranto* will not be allowed for the purpose of preventing a public officer from exercising any right or privilege incident to his office, and it cannot be used to restrain an officer from doing a particular act, the right to perform which is claimed as a part of his official functions.

4. FRANCHISE — STATUTES CONSTRUED.— The word *franchise*, as used
   in the act of 9th Anne, applies only to franchises of corporations;
   and the first section of the act of July 9, 1879, regulating proceed-
   ings in *quo warranto*, being a re-enactment of the English statute,
   it must be considered as having been adopted with the construction
   given to that statute. The right to assess a public tax is not that
   character of franchise contemplated by the statute.

APPEAL from Ellis. Tried below before the Hon. Geo.
N. Aldridge.

*Farris & Rainey*, for appellant.

I. The jurisdiction is expressly conferred upon the dis-
trict court by the act relating to this character of proceed-
ing in *quo warranto*. R. S. App., pp. 47, 48.

II. The district court has the jurisdiction to try the
right to an office. Sayles' Prac., sec. 128; Banton *v.*
Wilson, 4 Tex., 400; Lindsey *v.* Luckett, 20 Tex., 516.

III. "The amount in controversy," designated in the
constitution as determining the jurisdiction, is the
"amount claimed by either party to the suit." Sayles'
Prac., sec. 122; Graham *v.* Roder, 5 Tex., 141.

IV. In all doubtful cases the intendments will be in
favor of the jurisdiction. Sayles' Prac., sec. 122 and
cases cited.

V. If necessary to sustain the jurisdiction of the dis-
trict court, this proceeding would be construed to be an
action of the state to recover a forfeiture. State of Texas
*v.* DeGress, 39S.

VI. A proceeding to recover a fine is to recover a for-
feiture, within the proper meaning and scope of the word.
Webster's Dic.; Burrill's Law Dic.

VII. It is said that there is no such office as assessor
and collector of said subsidy taxes, and that no allegation
has been made that the appellee has intruded into the
office of town constable. No such question was raised
by the exceptions on the trial, when the appellant might
have had an opportunity to amend; nor did the appellee

except to the ruling of the court in overruling his exceptions. We maintain that, as the town constable was required to give a separate bond, conditioned that he would assess, collect and pay over the subsidy taxes, etc., it may properly be called an office of assessor and collector of the subsidy taxes; an office which is blended with that of constable. It is sufficiently charged and proven to show an intrusion into the office of constable held by the relator (if such it should be called), and that it is of the value of $500.

VIII. Our statute goes further than the old law, and authorizes the action when the defendant intrudes into the office claimed by the relator; and it is not required that the intruder should claim the right to perform all the duties of the office claimed by the relator. R. S. App., p. 47; Texas Pleas, by Green, vol. 1, sec. 1182.

*Kendall & Anderson*, for appellee.

GOULD, ASSOCIATE JUSTICE.— This is a proceeding by *quo warranto* under the act of 1879. R. S. Appendix, p. 47. The relator Spalding alleges that he, as town constable for the town of Waxahachie, had the right to assess and collect the railroad subsidy taxes of that town, amounting to $7,000, annually, and that the defendant James E. Smith had wrongfully usurped, intruded into, and taken possession of said office of assessor and collector of the railroad subsidy tax of the town of Waxahachie. By the answer of Smith, it appears that he, as assessor of the state and county taxes for Ellis county, claimed that it was his right and duty to assess said subsidy taxes, basing his claim on the provisions of the special act of January 28, 1875, authorizing the town of Waxahachie to aid in the construction of the Waxahachie Tap Railroad. Section 10 of this act enacts that "All taxes assessed and collected under this act shall be assessed and

collected by the same officers whose duty it is, or may be, to assess and collect the state taxes, and they shall receive for their services one-fourth of the rates of commission allowed by law for assessing and collecting the state tax; said tax shall be assessed and collected in the same manner as the state tax, and the same remedies shall be used to enforce its collection that are provided by law to enforce the collection of the state tax."

By section 11 it is provided that " The officer whose duty it is to collect the taxes levied under this act shall give a bond with two or more sufficient sureties, to be approved by the state comptroller, in a sum double the estimated annual amount of said tax, which bond shall be payable to the state, and shall be conditioned for the prompt collection and payment of said taxes into the treasury." Special Laws of 1875, pp. 11 and 12.

Under the charter and ordinances of the town, the constable was authorized to assess and collect the municipal taxes, and under the provisions of the act " to provide for the levying and assessing of taxes to pay the interest and principal of bonds heretofore issued by cities to aid in the construction of railroads" (acts of 1876), claimed the right to assess and collect the subsidy tax. By that act, subsidy taxes levied thereunder, or under the act of 1871, were to be " assessed and collected by the same officers whose duty it is to assess and collect the other municipal taxes;" and "the officer whose duty it is to collect the aforesaid taxes " is required to give bond for the faithful assessing, collecting and paying over thereof.

It is obvious from this statement that there is no such office as that of assessor and collector of railroad subsidy taxes for the town of Waxahachie. The duty and right of assessing and collecting such taxes is devolved on other officers, and the contest in this case is not over the right to an office, but over the question which of two officers has the right to assess the railroad subsidy taxes for

the town of Waxahachie. Each of them claims that right as an incident to his office, the one as town constable, the other as assessor for Ellis county. It is laid down by the authorities on *quo warranto*, "that the court will not permit its use for the purpose of preventing a public officer from exercising any right or privilege incident to his office, and it cannot be used to restrain an officer from doing a particular act, the right to perform which is claimed as a part of his official functions." High on Ex. Rem., sec. 636; State *v.* Enos, 3 Ark., 585.

Again it is said: "An information will not be allowed against certain magistrates to compel them to show by what authority they grant licenses within a jurisdiction alleged to pertain to other magistrates, since there cannot in such case be judgment of ouster, or of seizure into the hands of the crown." High on Ex. Rem., sec. 644. There being no such intrusion into the office of town constable as prevents that officer from proceeding to assess and collect the town subsidy taxes, he does not need the aid of this extraordinary remedy.

But it may be claimed that though this is not a case of usurping, or intruding into, or unlawfully holding or executing an office, that the statute provides also for usurping a franchise, and that the right to assess a public tax is such a franchise as the statute intends. If this were an original question we would be inclined to so hold. But this part of the act is substantially a copy of the act of 9th Anne, and it has long been settled that the word "franchise," as used in that act, means only corporate rights, or franchises in corporations. Rex *v.* Williams, 1 Burrow, 402, decided in 1757, is conclusive on that point, and has always been so regarded.

In adopting the language of the statute of 9th Anne, the legislature must be presumed to have intended it to receive that construction which the courts had uniformly given it, and from that construction we do not feel at liberty to depart.

In our opinion, the case is not one provided for by the act of July 9, 1879, regulating proceedings in *quo warranto*, and for this reason the district court did not err in dismissing the case for want of jurisdiction.

As we have no jurisdiction to adjudicate the case, we decline to express our opinion on the question at issue.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered December 9, 1881.]