## JOHN H. PINKERTON v. JAMES W. MILLER.

JUSTICES OF THE PEACE, *Valid Election of.* In a city of the second class, at the election in April, 1882, two justices of the peace were to be elected, but the voters of the city supposed and believed that only one justice was to be elected, and that the term of office of the defendant, M., who was then a justice of the peace, was the only one which expired. The voters of the city and both plaintiff and M. acted on this belief; the plaintiff was a candidate to succeed M., and M. was a candidate as his own successor. At the election, plaintiff received one hundred and fifty-one votes as the successor of M., and M. received sixty only. The returns of the election were duly canvassed, and plaintiff declared elected to the office of justice of the peace, as the successor of M., for the term of two years, from the date of the election in April, 1882, to April, 1884; a certificate of election was issued to him, and thereafter he qualified, and made demand on M. for the books, papers and records of the office. *Held,* That the failure to elect two justices of the peace did not invalidate the election of plaintiff; and *held further,* that M. is unlawfully holding and exercising the office of justice of the peace, and that plaintiff is entitled to receive from him the books, records and papers thereof.

### Original Proceedings in Quo Warranto.

ACTION brought by *Pinkerton* in this court, to oust *Miller* from the office of justice of the peace of the city of Clay Center. The defendant demurred to the petition, alleging that it does not state facts sufficient to constitute a cause of action. The opinion contains a sufficient statement of the facts.

*Martin & Mileham, Harkness & Godard,* and *C. C. Coleman,* for plaintiff.

The opinion of the court was delivered by

HORTON, C. J.: The demurrer in this case to the petition must be overruled.   Under the allegations in the petition the election in April, 1882, was the proper time for the election of a justice of the peace in Clay Center, to succeed defendant. At said election, the defendant was a candidate for the office as his own successor.   The plaintiff was also a candidate to succeed him; at the election, plaintiff received one hundred and fifty-one votes as the successor of defendant, and defendant received sixty only.   After the election, the returns were duly canvassed, and plaintiff declared elected to the office of justice of the peace as the successor of the defendant for the term of two years, from the date of the election in April, 1882, to April, 1884.   Thereafter a certificate of his election was duly issued and delivered to him, and he duly qualified and made demand of the defendant for the books, records and papers of the office.

The failure to elect two justices of the peace would not invalidate the election of plaintiff. (*Frazer v. Miller,* 12 Kas. 459.)   Therefore the failure to elect a successor to the other justice, one Loofborrow, cannot figure in this controversy.   Under the allegations of the petition, the electors of Clay Center, at the election in April, 1882, chose to elect only one justice of the peace — that justice to succeed the defendant. The majority of the electors voted for the plaintiff, and we perceive no good reason why the clearly expressed will of the voters should not be carried out. (*Wood v. Bartling,* 16 Kas. 109.)

All the Justices concurring.