STATE, ALFRED HAINES, PROSECUTOR, v. CHOSEN FREE-HOLDERS OF CAMDEN COUNTY, AND SAMUEL D. BERGEN, CLERK.

1. Where the purpose of a writ of *certiorari* is obviously to test the right to an office or franchise within this state, in proceedings to which a claimant is not made a party, the writ will be dismissed.
2. A *quo warranto* information is the proper remedy to try the title to an office, but an incumbent cannot use it against one who has not been in actual possession and user of the franchise.

On *certiorari* to review the election of Charles F. Adams as steward of the almshouse of Camden county.

Argued at June Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutor, *Alfred Hugg.*

For the defendants, *Samuel D. Bergen.*

The opinion of the court was delivered by

SCUDDER, J.    The writ recites that "being willing for certain reasons to be certified of a certain *election* of Charles F. Adams by said board as steward of the almshouse of said county, we command you that *his said election*, with all things touching and concerning the same, you do certify," &c.

It is obvious that this court cannot pass upon the validity of the election of Charles F. Adams to the office of steward of the almshouse in a suit to which he is not made a party.

The only party defendants in this writ are the board of chosen freeholders and their clerk.

The return to the writ shows that at a meeting of the board of chosen freeholders on November 8th, 1882, a resolution was passed that all officers elected to positions created by the board and not by law should thereafter be elected for and hold the same for three years, and not for one year, as theretofore. At the same meeting the prosecutor, Alfred Haines, was elected steward for the Camden county almshouse for the term of three years next ensuing, from the 25th day of March then next (1883.) At the beginning of the term he entered upon the office, and still continues in possession.

On May 21st, 1884, the resolution extending the term from one year to three years of all persons elected by the board was rescinded by a vote of the board, and on November 12th, 1884, Charles F. Adams was elected steward of the almshouse. March 19th, 1885, Mr. Adams tendered his resignation as a member of the board of freeholders, of which he was one at the time of his election. His resignation and the certificate of election of his successor for his unexpired term were accepted, and the latter was sworn in as a member of the board. Further action was stayed by the writ of *certiorari.*

In *Bradshaw* v. *City of Camden,* 10 *Vroom* 416, the writ of *certiorari* was permitted to be used for the purpose of removing from the way of a person in possession of an office a proceeding which he apprehended might be used unlawfully to oust him before the end of the term for which he was appointed. The effort here made is not only to vacate the rescinding resolution which was passed to shorten the prosecutor's term of office, but also to attack the election of Charles F. Adams as his successor. Under the authority of this resolution Adams is directly interested in this proceeding and should be made a party, if it were admissible thus to question the validity of his election and his right to the office and franchise by *certiorari.* But this cannot be done. An information in the nature of a *quo warranto* is the direct and proper remedy to test the legal right to an office or franchise

within this state, and this can only be used when a person shall usurp or unlawfully hold or execute such office or franchise under the terms of our statutes. *Rev., p.* 905; *Pamph. L.* 1884, *p.* 320; *Stokes* v. *Chosen Freeholders of Camden,* 6 *Vroom* 217.

The prosecutor, being still in possession of the office of steward of the almshouse, cannot prosecute an information, for Adams has not been in the actual possession and user of the franchise. There must be an *user* as well as a claim of a franchise to found an application for an information in nature of a *quo warranto. Rex* v. *Whitwell,* 5 *T. R.* 84; *Updegraff* v. *Crans,* 47 *Penna. St.* 103.

He may await the attack of his adversary by *quo warranto* information, but cannot anticipate him by disputing his title to office in proceedings to which he is not made a party. Collateral questions affecting the right to an office may be sometimes raised, either by *certiorari* or *mandamus,* in testing the validity of laws or the ordinances and resolutions of municipal bodies, as in *O'Donnell* v. *Dusman,* 10 *Vroom* 677; *Trowbridge* v. *Newark,* 17 *Vroom* 140; Fitzgerald *v.* New Brunswick, at the present term, and many other reported cases; but the title to offices held under such laws, ordinances or resolutions cannot be definitely determined in these proceedings to which one of the claimants is not made a party. Where the purpose of the writ, as it appears in this case, is to forestall the opinion of the court, if *quo warranto* information should be hereafter used, and to act directly on the election of a claimant to office who is not made a party, it should be dismissed, with costs, and that will be the order of the court.