## MAUCK v. LOCK.

1. **Road Supervisors**: VACATION OF OFFICE BY REDISTRICTING TOWNSHIP. The statute (Code, § 969) confers on the township trustees the power to redistrict their townships for highway purposes; and when by the exercise of such power a road supervisor, elected for a certain district, is made a resident of another district, he ceases to be a supervisor, under Code, § 781, par. 5.

*Appeal from Lucas Circuit Court.*

SATURDAY, DECEMBER 11.

THIS action was brought by the plaintiff, as road supervisor of district No. 4, in Whitebreast township, Lucas county, for a writ of *mandamus* against the defendant, as clerk of the township, to compel him to pay over to the plaintiff certain road-tax funds alleged to be payable to the plaintiff, to be expended upon the roads in his district. The court dismissed the plaintiff's petition, and rendered judgment against him for costs. The plaintiff appeals.

*Mitchell & Penick* and *S. D. Wheeler*, for appellant.

*T. M. Stuart*, for appellee.

ADAMS, CH. J.—The ruling of the court was based upon the theory that the plaintiff had ceased to be supervisor of

the road-district in question.   The facts appear to be that the plaintiff was duly elected road supervisor of the road-district in 1884, and had qualified as such, and entered upon the performance of his duties; and there is no question but that he would be still the road supervisor of the district unless he ceased to be such by reason of the action of the township trustees.   In October, 1885, the trustees redistricted the township for highway purposes, and a part of the territory of the old district No. 4 was set off, and added to territory which was before that time and is still called " Road-district No. 1."   The plaintiff resided and still resides in the territory thus set off.   We may say also, though we do not deem it strictly material, that the boundaries of the old district No. 4 were changed in other respects, and no part of the same is now called No. 4.   The essential fact, however, is that, after the change, the plaintiff's residence fell within district No. 1.   His claim is that, notwithstanding such fact, he is still road supervisor, and that his jurisdiction extends to all territory embraced in the original district No. 4, including that which has been set off into district No. 1, and that the tax which would have been expended in district No. 4, if there had been no change, should be expended in the same territory, notwithstanding the change.

The power of the township trustees to redistrict the township, or any part thereof, is conferred by statute, and cannot be denied, (Code, § 969;) but the plaintiff's position is that the redistricting could not practically take effect until the expiration of the statutory term for which he was elected, to-wit, the term of two years.   But the statute, while providing that road supervisors shall hold for two years, provides, also, that every civil office shall be vacant when the incumbent ceases to be a resident of the district in which the duties of his offices are to be exercised.   Code, § 781, par. 5. If the plaintiff had removed from the district, it seems entirely clear that his office would be vacant.   The fact is, however, that his residence territorially is not changed.   The

change which has occurred consists in the fact that the territory upon which he resides has, by change of boundaries, been caused to fall within a different district. But, this being so, the plaintiff has become a resident of district No. 1, and it seems to follow that he has ceased to be a resident of district No. 4. It was, it is true, held in *State v. Board of Supervisors*, 21 Wis., 443, that a county supervisor's office did not become vacant by reason of such change in the boundaries of the districts that the district for which the supervisor was elected had become lost. But the decision turned upon the fact that, though elected by and for a particular district of the county, his duties were not local; but, on the other hand, he was essentially a county officer, and, inasmuch as he had not ceased to be a resident of the county, he had not ceased to be a resident of the district, within the meaning of the statute under which it was claimed that his office had become vacant.

There is no question but that the plaintiff's duties were local; and, whether we regard the original district No. 4 as extinguished or merely changed by reason of the setting off of the particular territory in which the plaintiff happened to reside, in our opinion he ceased to be a resident of district No. 4, and consequently ceased to be supervisor of the district.

AFFIRMED.