## B. BRUNGARDT V. CONRAD LEIKER.

1. COUNTY COMMISSIONER — *District Boundaries, Changed — Office Not Vacated.* The office of a member of the board of county commissioners elected for three years is not vacated by a change in the boundaries of the commissioner districts, when the member continues to reside in the district for which he was elected, although by the change he was placed in another district.

2. QUESTION, *Not Res Judicata.* When the board of county commissioners is compelled by *mandamus* to canvass the votes and declare the result of an election held to fill a supposed vacancy in the office of a member of the board, the question as to whether there was a vacancy in the office, by reason of a change in the boundaries of the commissioner districts, is not *res judicata* in a subsequent action by the holder of such an election certificate against the sitting member.

*Original Proceeding in Quo Warranto.*

THE facts are stated in the opinion, which was filed at the session of the court in July, 1889.

*D. C. Nellis,* and *Edwin A. Austin,* for plaintiff.
*Gleed & Gleed,* for defendant.

Opinion by SIMPSON, C.: This is an original action in this court. It was submitted on an agreed statement of facts, as follows:

"The following are agreed by the parties plaintiff and defendant to be the facts upon which the above-entitled action is to be determined, to wit: That the county of Ellis is one of the duly organized and existing counties of the state of Kansas; that on the 5th day of July, 1888, the board of county commissioners of said county consisted of the following persons and members, to wit: John Pearson was the duly-elected and qualified member of said board from the first district of said county, the same consisting of the townships of Ellis, Hamilton, and Smoky Hill, and said Pearson was then and is now a resident of Ellis township; C. W. Miller was the duly-elected and qualified member of said board from the second district of said county, the same consisting of the townships of Big Creek, Lookout, Saline, and Walker, and that said

Miller was then and now is a resident of Big Creek township; and said defendant, Conrad Leiker, was the duly-elected and qualified member of said board from the third district of said county, the same consisting of the townships of Catherine, Hartsook, Wheatland, Victoria, and Freedom, and that said defendant, Conrad Leiker, was then and now is a resident of Wheatland township. That afterward, to wit, on said 5th day of July, 1888, the said board of county commissioners of Ellis county, the said board consisting of the said members as hereinbefore set forth, were in legal session at their office, to wit, the office of the county clerk of Ellis county, in the court house in Hays City, the county seat thereof, in said county, and were then sitting and holding their regular July session of said board; and at said meeting on said day, the said board made and entered of record an order redividing the said Ellis county into commissioner districts, a true copy of which said order, duly certified by the clerk of said county, is attached to plaintiff's petition and made a part thereof, and marked 'Exhibit A;' that by said order the first commissioner district of said county was made and established to be as follows, to wit: to consist of the townships of Ellis, Hamilton, Smoky Hill; the second commissioner district was made and established to be and consist of the townships of Big Creek, Lookout, Wheatland; and the third commissioner district was made and established to consist of the townships of Catherine, Hartsook, Victoria, Freedom, Saline, and Walker; that the said Leiker was then and now is an actual resident of Wheatland township, in the second commissioner district, as now constituted; that the said commissioner districts so constituted by said order, have remained unchanged to this day.

"Afterward, to wit, on the 12th day of October, 1888, the sheriff of Ellis county, Kansas, did make his proclamation as provided by law, to the effect that on the 6th day of November, 1888, and at the general election to be held in the state of Kansas for the election of state and county officers on that day, there would be an election of a member of the board of county commissioners for and from the third commissioner district of said county of Ellis, to fill vacancy existing in said board. A copy of said proclamation published for the space of thirty days in said Ellis county, as provided by law, is attached to plaintiff's petition, marked 'Exhibit —,' and made a part thereof; that plaintiff is an elector of Ellis county, Kansas, and an actual resident, both now and for the year last past, of the township of Victoria, in said county, and in said

third commissioner district, as constituted by said order; and that at the general election held on the 6th day of November, 1888, as aforesaid, the plaintiff was a candidate for election as a member of said board of county commissioners from the said third district, and that he then and there received one hundred and eighty-three votes in said third commissioner district for member of said board, from said district, and that said number of votes so received by him were a majority of all the votes cast for commissioner and member of the board of county commissioners of Ellis county, in said third district of said county; that the votes cast for him were duly canvassed and counted and returned to the county clerk of said county, by the election boards of the several townships included within the boundaries of said third commissioner district, to be canvassed and counted by the board of county commissioners of said county, sitting as a board of county canvassers, in the manner provided by law; that the said board of county commissioners, on the day appointed by law for that purpose, refused to canvass and count said votes so cast for county commissioner in said third commissioner district, refused to declare the plaintiff the legally elected member of the board of county commissioners of said Ellis county from the third district, and refused to cause certificate of such election to be issued according to law to this plaintiff.

"Afterward, to wit, on the 9th day of January, 1889, in a suit then pending in the district court of Ellis county, state of Kansas, wherein this plaintiff, B. Brungardt, was plaintiff, and said C. W. Miller, John Pearson and this defendant, Conrad Leiker, county commissioners as aforesaid, were defendants, plaintiff obtained a peremptory writ of *mandamus,* commanding the defendants therein to forthwith convene as a board of county commissioners, canvass and count the vote for commissioner from the third commissioner district, and issue a certificate of election to this plaintiff in accordance with said vote, as a member of the board of county commissioners of Ellis county from the third district.

"A true copy of the petition and affidavit of the plaintiff in said case, and of the writ of mandamus issued therein, are attached to said plaintiff's petition, marked 'Exhibits C and D,' and a true copy of the final journal entry of judgment in said action is attached to this statement of facts, and marked 'Exhibit A;' that what purports to be a true copy of the same, attached to the plaintiff's petition, marked 'Exhibit E,' is erroneous and incorrect; that 'Exhibit E,' attached to plain-

tiff's petition, was certified by the clerk as the journal entry in said cause, on the 23d day of January, 1889, and that afterward the said journal entry was duly amended, as shown by 'Exhibit A' of this statement; that afterward, to wit, on the 10th day of January, 1889, in pursuance and in compliance with the command of said peremptory writ of *mandamus* in said cause, the said board of county commissioners duly canvassed said vote, a copy of which said canvass is attached to plaintiff's petition, marked 'Exhibit F;' that on the 10th day of January, 1889, the county clerk in the aforesaid county duly issued to the plaintiff a certificate of election in pursuance of said canvass for the office of county commissioner for the third district in the said county, a copy of which said certificate is attached to plaintiff's petition, marked 'Exhibit G;' that said judgments in said proceedings in *mandamus* against the board of county commissioners still remain in full force, unreversed and unappealed from; that the said defendant still continues to act as and exercise the authority of a member of the board of county commissioners from the third district, aforesaid county of Ellis, and refuses to surrender the said office to this plaintiff; that the said county of Ellis is, and was at all times and during all the transactions above set forth, a county having less than thirty thousand inhabitants; that the said Conrad Leiker, on the said 5th day of July, 1888, was the duly-elected, qualified and acting member of the said board of county commissioners of said county of Ellis, Kansas, and that he had been elected from the said third district, and was at the time a resident of the said third district, and that the term for which he was elected will not expire until the second Monday in January, 1890, and that said Conrad Leiker has never resigned the said office, and has never ceased to be a resident of the said county of Ellis from the time he was so elected, and has never done or suffered to be done any act whereby his said office became vacant, save and except as above set forth; that the diagram hereto attached and marked 'Exhibit B' shows the said first, second and third districts of the said Ellis county, Kansas, as the same were prior to the order of the board of county commissioners, changing the same as above set forth, and that the diagram marked 'Exhibit C,' and hereto attached, shows the said districts as organized after and by virtue of said order."

It will be seen from this statement that the question is whether or not the office of county commissioner from the

third commissioner district of Ellis county, held by the defendant, Conrad Leiker, was vacated by a change of the districts that placed Wheatland township, wherein Leiker resides, in the second district. Leiker has not removed his residence; he still lives in the identical place as when elected. The board changed the boundaries of the districts, and by the change he is placed in the second district. Section 3, article 9, of the constitution of the state, provides:

"All county officers shall hold their offices for the term of two years, and until their successors shall be qualified, except county commissioners, who shall hold their offices for the term of three years: *Provided,* That at the general election in the year eighteen hundred and seventy-seven the commissioner elected from district number one in each county shall hold his office for the term of one year, the commissioner elected from district number two in each county shall hold his office for the term of two years, and the commissioner elected from district number three in each county shall hold his office for the term of three years; but no person shall hold the office of sheriff or county treasurer for more than two consecutive terms."

Leiker was elected for a full term of three years. His office would become vacant on the happening of one of the following events: His death, resignation, removal from the county, his conviction of an infamous crime, or any offense involving a violation of his official oath; and other causes enumerated in § 218, chapter 25, Comp. Laws of 1885. No one of these events has happened, but there has been an attempt to legislate him out of office by the other two commissioners, by a change in the districts. The county commissioners are authorized by statute to change the districts at least once in three years, so as to adjust them to the changing conditions and locations of the population of the county, (Comp. Laws of 1885, ch. 25, § 11,) but this provision must be construed so as to harmonize with that provision of the constitution that makes the term of county commissioners three years. The change in the districts, then, can only take effect, so far as the election of a county commissioner is concerned, at the expiration of

the three years from the time from which the member was elected from the changed territory. Leiker's term of office will not expire until the second Monday in January, 1890.

In the case of *Hayes v. Rogers*, 24 Kas. 143, the change of districts was made so as not to interfere with the three-years tenure. The change in districts was made on the 5th day of July, 1888. We give effect to the language of the constitution, and hold that Leiker is still a member of the board for the full term of three years, notwithstanding the change in the districts; that his successor must be elected this fall, and take the office next January.

The case cited from Nebraska is not in point. In that case there was a voluntary removal from the district. If the construction contended for by counsel for the plaintiff should prevail, it would give any two commissioners power to dispose of a third one who was not acting on any public question as they might desire, and thus subvert the principle upon which the constitutional provision dividing counties into districts rests. The reason for that amendment to the constitution was to give all parts of the county a fair representation in local affairs, and an equal voice in the location and distribution of local favors; and if it is within the power of two members to vacate the office of a third, by a change in the boundaries of his district, before the expiration of the three-years term, then the constitutional provision is practically nullified.

The electors of the third commissioner district as constituted by the order of the board made on the 5th day of July, 1888, last fall elected the plaintiff in this action, Brungardt, as commissioner from that district. The board of county commissioners refused to canvass the vote and declare the result, and a peremptory writ of *mandamus* was awarded against the board by the district court of Ellis county. They made the canvass, and there was issued and delivered to the plaintiff a certificate of election. This judgment is pleaded in this case, and it is claimed that it is *res judicata* on the question of vacancy. The result of the writ against the board is a certificate of election, and that is never conclusive. This is an

action against Leiker personally; the other was against the board of county commissioners of Ellis county, of which he was a member; the writ ran against the office, and not against those who were exercising the duties thereof. In such cases as this, the action is regarded as against the office to compel the performance of a duty devolving upon it, regardless of the incumbent. (High, Ex. Rem., § 38, and authorities cited.) We do not think this question is *res judicata.*

It is recommended that the judgment be rendered in favor of the defendant.

By the Court: It is so ordered.

All the Justices concurring.