JOHN R. McDONALD v. THE BOARD OF SUPERVISORS OF ALCONA COUNTY ET AL.

*Quo warranto—Leave to file information—Sale of lands by board' of supervisors.*

1. Special leave to a citizen to file an information in the nature· of a *quo warranto* under How. Stat. § 8662, subd. 2, cannot be granted by the circuit judge at chambers; citing *Eslow v. Albion*, 27 Mich. 4.

2. The action of a board of supervisors in selling a poor-farm is· the exercise of a franchise, and not a usurpation or an illegal act; and while such a sale to a member of the board may be void on the grounds of public policy, *quo warranto* is not the· proper proceeding by which to test that question.

Error to Alcona. (Simpson, J.)· Argued April 13, 1892. Decided May 6, 1892.

Information in the nature of *quo warranto*. Relator· brings error. Order sustaining demurrer affirmed, and proceedings quashed. The facts are stated in the· opinion.

*A. A. Ellis,* Attorney General, and *Henry, Cornville & Hawley,* for appellant, contended:

1. In support of the power of the circuit judge to make the order· while sitting at chambers, counsel cited *In re Buddington,* 29· Mich. 475; Dan. Ch. Pr. 1322; Jenn. Ch. Pr. 121; Graham, Pr. 27; *Daniels v. People,* 6 Mich. 388; *Streeter v. Paton,* 7 Id. 347; *DcMyer v. McGonegal,* 32 Id. 131; Const. art 6, § 16.

2. The right to sell county property· by a board of supervisors is a franchise; citing 3 Kent, Com. 458; 2 Blackstone, Com. 37; *Mayor v. Commissioners,* 44 Mich. 602, 605; *People v. Insur-· ance Co.,* 15 Johns. 387, 388; and the usurpation of this fran- chise is the subject of inquiry in this form of proceeding; citing *Stewart v. Society,* 41 Mich. 74; *People v. Insurance Co.,. 15 Johns. 858; High, Ex. Leg. Rem. 474; *Mason v. Perkins,.*

73 Mich. 312; *In re Frazee*, 63 Id. 403; Dill. Mun. Corp. § 897 (721); 1 Pars. Cont. 6; *Lloyd v. Colston*, 5 Bush, 590.

*Frank Emerick*, for respondents.

LONG, J. At a special meeting of the board of supervisors of the county of Alcona, held November 12, 1890, at which all the members were present, they sold the "old poor-farm," so called, to Jeremiah T. Perkins, who was a supervisor and the chairman of the board, for $2,200. The buildings upon this farm had recently burned. The board at the same meeting purchased what was called the "Mudget Farm," consisting of 280 acres, for $6,500, and sold off from that farm 200 acres to Joseph Yuill, also a supervisor, for $3,000, retaining the remaining 80 acres and buildings for a poor farm. An information in the nature of a *quo warranto* was filed by the relator, calling upon the respondents to show by what warrant they claimed the right to sell and deliver a deed and possession of the 200 acres of the Mudget farm to Joseph Yuill, and the right to sell, deed, and deliver up possession of the old county farm to Jeremiah T. Perkins. The proceedings were commenced in the circuit court for Alcona county.

The respondents interposed a demurrer, which was sustained by that court. The causes of demurrer are:

"1. No showing for leave to file said information was made prior to the issuing of the same.

"2. The said information was not filed by leave of the circuit court for the county of Alcona.

"3. There is a misjoinder of defendants in said information.

"4. There is a misjoinder of causes of complaint and offenses, as alleged and charged in said information.

"5. The illegal action or usurpation on the part of said defendants, or either of them, in said information charged, is not a franchise, and is not the subject of inquiry in this form of proceeding."

The first cause of demurrer is not well taken, as it appears that a petition for leave to file the information had been presented to the circuit judge at chambers in Iosco county, but had not been filed with the clerk of Alcona county.

The second ground of demurrer is well taken. How.. Stat. § 8662, subd. 2, provides as follows:

"Informations under this act may be filed by the prosecuting attorney of the proper county on his own relation, or that of any citizen of the county, without leave of the court, or by any citizen of the county by special leave of the court."

The prosecuting attorney of the county did not file the information, and appears to have had nothing to do with the proceedings; so that, by the provisions of this statute, special leave of the court to file the information was necessary. The special leave of the court provided by this section was not obtained by the relator, John R.. McDonald, but leave was obtained from the circuit judge sitting at chambers. It is contended by counsel for respondents that where, by the express terms of a statute, authority is conferred upon the court to make an order or take other action, such order must be made and action taken by the court when sitting in regular or special session, and it does not extend to and include the judge sitting in chambers in another county outside of the term. We think respondents' counsel correct in his interpretation of this statute. The case is ruled by *Eslow v. Albion*, 27 Mich. 4. In that case the circuit judge at chambers made an order under the statute that the testimony be taken before a commissioner, and it was so taken. But on appeal this Court held that under the statute the judge had no power to make such an order at chambers; that the proofs were taken without authority, and must be stricken out, and the cause

remanded for further proceedings. The circuit court then made an order *nunc pro tunc* of like import as the chambers order, and of the same date, so as to save the testimony already taken. The case came up on second appeal (reported in 32 Mich. 193); and this Court held that it was not within the purview of an order *nunc pro tunc* to operate *ex post facto* to give force to such chambers order, which was void for want of jurisdiction. For this reason the proceedings in this case should be dismissed.

We think that the third, fourth, and fifth causes of demurrer are well taken. As to the third and fourth, it may be said that there is nothing in common, so far as the franchise alleged to be usurped and illegally held and exercised is concerned, between the action of the board in selling a piece of land owned by the county, the action of the county clerk in signing and delivering a deed of the same as the mere servant of the board, and the action of the other respondents in the delivery of the possession of the premises sold, or the taking possession of the premises purchased, or in receiving and delivering deeds of the same. The case falls within *People v. DeMill*, 15 Mich. 164.

As to the fifth cause of demurrer, it may be said that the alleged illegal action or usurpation upon the part of the defendants, or either of them, is not a franchise, and is not the subject of inquiry in this form of proceeding. By section 483, subd. 1, How. Stat., the board of supervisors is authorized—

"To purchase, for the use of the county, any real estate necessary for the erection of buildings for the support of the poor of such county, and for a farm to be used in connection therewith."

By subdivision 4 of the same section the board of supervisors is empowered—

"To authorize the sale or leasing of any real estate

belonging to the county, and to prescribe the mode in which any conveyance thereof be executed."

By this statute the board of supervisors had the power to sell and deliver the lands belonging to the county, and use the proceeds for the support of the poor. It also had the right to purchase such lands for such purposes. This action upon the part of the board, either in buying or selling land for such purposes, is the exercise of a franchise, and not a usurpation or an illegal act,—an illegal exercise of a franchise. The sale of this property by the board of supervisors to members of the board may be void on the grounds of public policy, but *quo warranto* was not the proper remedy to right such action.

The proceedings must be quashed, with costs.

MCGRATH, GRANT, and MONTGOMERY, JJ., concurred. MORSE, C. J., did not sit.