[No. 967. Decided July 31, 1893.]

THE STATE OF WASHINGTON, *on the relation of Richard O'Connell, Appellant,* v. JAMES NELSON, *Respondent.*

ROAD DISTRICTS — CHANGE OF BOUNDARIES — EFFECT UPON OFFICE OF OVERSEER.

A duly elected and qualified road overseer does not become disqualified to hold his office by reason of the fact that the county commissioners have so changed the boundaries of the road district for which he was elected as to leave his residence outside thereof, such change in a road district being prospective in its operation as affecting the office of road overseer.

*Appeal from Superior Court, King County.*

*Bausman, Kelleher & Emory,* for appellant.

*A. G. McBride,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—O'Connell, the relator, was in December, 1892, elected road overseer of a district designated as 18, in King county, and qualified and entered upon his duties. On the 7th day of January following, the county commissioners made some change in certain of the road districts, by virtue of which that part of district 18 in which O'Connell resided was cut off therefrom, and was included in an adjoining district numbered 19, whereupon said commissioners appointed the respondent road overseer of said district 18, as changed. Upon the latter's assuming his duties, O'Connell brought this proceeding in *quo warranto* to determine his right to such office. A demurrer to the petition was sustained, and O'Connell appealed.

The constitutional provisions bearing upon this matter are as follows: By § 5, art. 11, it is provided that—

"The legislature, by general and uniform laws, shall provide for the election in the several counties of boards of

county commissioners, sheriffs, county clerks, treasurers, prosecuting attorneys, and other county, township or precinct and district officers, as public convenience may require, and shall prescribe their duties and fix their term of office."

By § 6, of said article, it is provided that—

"The board of county commissioners in each county shall fill all vacancies occurring in any county, township, precinct or road district office of such county by appointment, and officers thus appointed shall hold office till the next general election, and until their successors are elected and qualified."

By § 1937, Gen. Stat., the legislature provided that—

"The boards of county commissioners of the several counties shall divide their respective counties into suitable road districts, and may change the boundaries thereof not oftener than once a year."

By § 1938 it is provided that—

"There must be elected in the several counties of this state, on the first Saturday in December, in the year eighteen hundred and ninety, and every two years thereafter, one elector of each and every road district in the county, to act as road overseer in their respective districts, to hold office for two years, commencing on the first Monday after the first day of January next succeeding their election, or until their successors are elected and qualified."

By § 342, Gen. Stat., it is provided that—

"Every office shall become vacant on the happening of either of the following events before the expiration of the term of such officer: The death of the incumbent; his resignation; his removal; *his ceasing to be an inhabitant of the district, county, town or village for which he shall have been elected or appointed, or within which the duties of his office are to be discharged,*" etc.

By subdivision 9, § 1936, it is provided that the commissioners shall have authority to "remove any overseer for inefficiency, neglect of duty, or malfeasance in office."

It is conceded that the office is an elective one within the provisions of the constitution, and while the constitution does not prescribe the terms of such officers the legislature has prescribed them as directed to do by the constitution. It is conceded that appellant has not changed his place of residence, but that he resides at the particular place where he resided when he was elected. To entitle him to be elected to such office it was necessary that he should have been a resident and elector of the particular district at the time he was elected.

The sole question presented for our determination is, whether by virtue of the change of the boundaries of said road district 18 by which that part of the original district wherein appellant resided was taken therefrom and added to another district, a vacancy in the office of road overseer was created. If so, the commissioners had authority to appoint the respondent to fill the vacancy.

Appellant contends that if such a result is to follow, the effect of it will be to empower the board of county commissioners of every county in the state to subvert and practically nullify that provision of the constitution providing that such officers shall be elected, for the commissioners may, after each election, so change the road districts of their respective counties as to exclude the road overseers elected from the respective districts wherein they at the time resided, and for which they were elected, and while it is conceded that the commissioners aforesaid have authority to alter road districts, it is claimed that the same must be held to be prospective so far as the office of road overseer is involved. And some cases are cited as supporting this. *State v. Holden*, 45 Minn. 313 (47 N. W. Rep. 971); *Brungardt v. Leiker*, 42 Kan. 206 (21 Pac. Rep. 1065); *People, ex rel. Jennings, v. Markham*, 96 Cal. 262 (31 Pac. Rep. 102).

We are of the opinion that appellant's position is well

taken.   In holding as we do, that the commissioners have authority to make changes in road districts under the act in question, but that such changes are prospective as affecting the office of road overseer, the letter and spirit of the constitution is fully maintained, and force is given as well to the act of the legislature.   The provision relating to vacancies above italicized cannot be sustained, at least to the extent of including a case like this.   The commissioners have authority to remove road overseers for inefficiency, neglect of duty, or malfeasance in office, but not otherwise.

Reversed and remanded.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J.—If the commissioners acted in good faith, I am satisfied that their action should stand, but under the broad allegations of the complaint the presumption of such good faith is perhaps negatived, though as to that point I do not now desire to express an opinion.