Price, J.
(dissenting). I cannot concar in the .above judgment for the following reasons:
■ 1. The prosecuting attorney is without authority do make the relation he has assumed, and therefore has no authority in law to institute and maintain this action. Such authority cannot be found in any statute defining his duties, nor is he permitted, under chapter 3, title 4 (Quo Warranto), Revised Statutes, to bring proceedings in quo warranto on •account of any fact stated in the petition.
2. Quo warranto is not the proper and legal remedy to be applied to the facts alleged. The title to the office held by the respondent is not questioned. After pleading the act authorizing an inheritance tax, the only charge made against the auditor of state, is, that he is about to contract for books, *257 blanks, etc., to be used in executing the enactment, which is alleged to be unconstitutional.
Being lawfully in office, if these, or other acts of the respondent, incident to the exercise of the powers of .such office are illegal, they may be enjoined in an action for that purpose and the validity or invalidity of the statute be therein determined.
If any authorities are here necessary, the following may be sufficient: High’s Extraordinary Remedies (3 ed.), sec. 618; The State v. Evans, 3 Ark., 585; Dart et al. v. Houston et al., 22 Ga., 507; The State ex rel. Spalding v. Smith, 55 Tex., 447; The People ex rel. v. Whitcomb et al., 55 Ill., 172; The State ex rel. v. The City of Lyons, 31 Ia., 432; McDonald v. The Board of Supervisors, 91 Mich., 459.
It is said in State of Ohio ex rel. v. The Board of Education, 3 Circ. Dec., 703; 7 C. C. R., 152, that, “the remedy by quo warranto is only employed to test the actual right to an office or franchise, and it cannot afford relief for official misconduct, and cannot be employed to test the legality or the official action of public or corporate officers. So when a public officer threatens to exercise powers not conferred upon him by law, or to exercise the functions of his office beyond its territorial limits, the proper remedy would seem to be by injunction.”
I quote from the above authority because it is warmly approved in State ex rel. Attorney General v. The City of Newark et al., 57 Ohio St., 430. The latter case is a clear and direct authority for our position.
For these reasons the petition should be dismissed without passing on the validity of the statute.
3. However, a majority of the court have enter *258 tained the petition and hold the statute to he constitutional. This view does not meet the approval of my judgment.
If we may assume the correctness of the proposition, that the act under consideration does not impose a tax on property, as that word is contemplated in section 2 of article 12 of our constitution, but a tax on the right to succeed to or receive property, still we cannot escape the just rule of uniformity laid down in that provision. It is by the very refinement of reasoning that many courts have reached the conclusion that a statute like the one before us, does not tax property either real or personal, but merely the right to inherit, or receive by devise or bequest, such property. We now make no controversy with conclusions so reached by the several courts taking that view, although other courts hold the opposite doctrine; and yet the truth remains, that the right to receive or succeed to property in either or all the modes specified in the statute, is a property right, or a right in property. It is a species of property and property rights fully recognized by the policy of our laws, and it requires a struggle to suppress the first impulse to say that such right of succession is in fact property. It is at least the spirit of property and so much akin to it, that it is entitled to the protection of the same rule of uniformity in taxation as property itself; otherwise the legislature, on this subject, is beyond constitutional limitations.
The act in question violates the rule of uniformity found in both the letter and spirit of this constitutional provision, because it exempts from taxation property not exceeding three thousand dollars in amount or value, in favor of each claimant of the same, and places the entire burden on succession to *259 property of greater values. The extent of the exemption exceeds the constitutional limit.
Much of the sound reasoning in The State ex rel. v. Ferris, 53 Ohio St., 314, is still authority on this subject.