OLSEN et al. v. MERRILL et al.

No. 5204. Decided November 19, 1931. (5 P. [2d] 226.)

454

*Robinson & Robinson,* of Provo, for plaintiffs.

*Christenson & Straw* and *A. L. Booth,* all of Provo, for defendants.

ELIAS HANSEN, J.

By this proceeding the plaintiffs seek to invoke the original jurisdiction of this court to the end that the defendants be required to desist and refrain from placing or attempting to place in office as members of the board of education of Provo City, Utah, any person or persons other than the

plaintiffs and that defendants permit plaintiffs to continue to act and function as members of such board of education. Upon plaintiffs' verified petition this court issued its order directing that the defendants be prohibited from interfering with the duties of the plaintiffs as members of the board of education of Provo City, Utah, until the further order of this court, and to show cause why they should not be permanently prohibited from such interference. The defendants appeared within the time fixed for them to show cause and filed a demurrer and an answer to plaintiffs' petition. The petition alleges and the answer admits the following facts: That plaintiff Ole E. Olsen, Jr., was duly and regularly elected a member of the board of education of Provo City, Utah, December 4, 1929, for a term of five years beginning January 1, 1930, and ending December 31, 1934. He was elected from what was known as the Third municipal ward of Provo City, Utah. That plaintiff George A. Startup was duly and regularly elected a member of the board of education of Provo City, Utah, on December 5, 1928, for a term of five years beginning on January 1, 1929, and ending on December 31, 1933. He was elected from what was known as the Second municipal ward of Provo City, Utah.

Provo City is, and at all times mentioned in the petition has been, a city of the second class. The defendants Amos N. Merrill, John T. Taylor, and John W. Farrer are, and at all times mentioned in the petition have been, members of the defendant board of education. On October 6, 1930, the board of education of Provo City passed a resolution directed to the city commission of Provo City requiring such commission to redistrict Provo City pursuant to and in accordance with Comp. Laws Utah 1917, § 532. On May 12, 1931, pursuant to such request the city commission passed an ordinance redistricting Provo City. Prior to the passage of such ordinance plaintiff Ole E. Olsen, Jr., resided in what was known as municipal ward No. 3, and plaintiff George A. Startup resided in what was known as municipal ward No. 2. Since the passage of such ordi-

·nance Ole E. Olsen, Jr., resides in what is known as municipal ward No. 2, and George A. Startup resides in what is known as municipal ward No. 1. That is to say, while Mr. Olsen and Mr. Startup continue to reside in the same places where they resided before the city was redistricted, the change in the boundaries of the municipal wards placed the residences of both Mr. Olsen and Mr. Startup in a differently numbered municipal ward from that in which they resided before the city was redistricted.

On July 13, 1931, the defendant board of education met for the purpose of selecting two members of the board, one to succeed the plaintiff Ole E. Olsen, Jr., and one to succeed the plaintiff George A. Startup. At that meeting Leon Newren was selected to act as a member of the board of education from what is now municipal ward No. 3, and the plaintiff Ole E. Olsen, Jr., was selected to act as a member of the board of education from what is now municipal ward No. 2. The defendants Amos N. Merrill, John T. Taylor, and John W. Farrer were present at such meeting and participated in the action taken by the board.

Plaintiffs in their petition allege that the defendants seek to deprive plaintiffs of their office as members of the board and threaten to interfere with the duties of the plaintiffs as such members. Defendants' answer denies these allegations. The only facts alleged in plaintiffs' petition which gives color to their claim that the defendants seek to oust plaintiffs from the board and to interfere with their duties as such is plaintiffs' averment admitted by defendants' answer that the defendants, as members of the board, have voted to appoint Leon Newren to succeed Ole E. Olsen, Jr., and to appoint Ole E. Olsen, Jr., to succeed George A. Startup. The defendants allege in their answer that when the ordinance redistricting Provo City went into effect vacancies occurred in the offices theretofore held by the plaintiffs. It is urged by defendants that the petition fails to state sufficient facts to entitle plaintiffs to any relief. Defendants' claim that there exists vacancies in the offices heretofore

held by the plaintiffs, coupled with the fact that the defendants, as members of the board, have heretofore participated in choosing successors to the plaintiffs, are such acts as may well be said to be calculated to oust plaintiffs from the board and to interfere with their duties as such. The demurrer to the petition upon the ground that it does not state facts sufficient to constitute a cause of action is overruled. The demurrer to the petition also sets out various other grounds but such grounds are not argued. On the contrary, counsel for the defendants urge us to dispose of this controversy upon its merits. Under such circumstances defendants have waived the other grounds of their demurrer and a consideration of the other questions raised by the demurrer becomes unnecessary.

It is suggested in defendants' brief that the question which divides the parties may not properly be determined upon a petition for a writ of prohibition. It is quite generally held that a proceeding in the nature of quo warranto is the proper remedy to try title to a public office where it is sought to oust an incumbent from an office upon the ground that he is not entitled to such office. It has been held, however, that an incumbent of an office cannot proceed by quo warranto against an adverse claimant who neither usurps nor unlawfully holds or executes an office even though steps are taken which threaten to disqualify the incumbent in the enjoyment of his term. *State (Roberson, Prosecutor)* v. *City of Bayonne,* 58 N. J. Law 325, 33 A. 734; *State (Haines, Prosecutor)* v. *Camden County,* 47 N. J. Law 454, 1 A. 515; *State* v. *Smith,* 55 Tex. 447; *State (Bradshaw, Prosecutor)* v. *City of Camden,* 39 N. J. Law 416. In the case of *Bradshaw* v. *Camden,* supra, it was held that: "Where a person is in possession of an office, and the common council unlawfully elects his successor, and thereby threatens to disturb him in the enjoyment of his term, certiorari is the appropriate remedy to review such action." This court has held that: "Where a person has been in the actual and lawful possession of an office, received and enjoyed the emoluments thereof, is

entitled to the office de jure, and is unlawfully removed, mandamus is the appropriate remedy to restore the de jure officer to his office, and it is not necessary to resort to quo warranto, even though the office be in the possession of another." *Pratt* v. *Board of Police & Fire Commissioners*, 15 Utah 1, 49 P. 747. The foregoing quotations are from the syllabi of the opinions of the New Jersey court and of this court. Such quotations fairly reflect the views expressed in the respective opinions. If, as is held in the case of *Pratt* v. *Board of Police & Fire Commissioners*, supra, mandamus is the appropriate remedy to restore a de jure officer to an office from which he has been unlawfully removed, it would seem to follow upon principle that prohibition is the appropriate remedy to prevent the threatened unlawful disturbance of a de jure officer in the enjoyment of his term of office. Our statutes, Comp. Laws Utah 1917, § 7407, provide that:

"The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person, whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person."

There can be no serious doubt but that the defendants are without jurisdiction to try or determine the question of whether the plaintiffs are or are not entitled to continue as members of the Provo City board of education. Boards of education are vested with power to fill vacancies in the board, but where there is a dispute, such as in the instant case, as to whether there are or are not vacancies in the board, neither the board nor its members is or are vested with jurisdiction to determine such controversy. Defendants in their brief make no claim that the board or a majority of its members has or have authority to determine that the plaintiffs are no longer entitled to continue as members of the board. The action of the defendants, however, in selecting successors to the plaintiffs threatens to disturb them in the enjoyment of the offices held by them

and to which they claim they are entitled until the expiration of the term for which they have been elected. We are of the opinion that plaintiffs are entitled to a determination of this controversy on its merits upon the proceeding before us. We have less difficulty in reaching this conclusion in view of the fact that defendants have requested us to pass upon the merits of the claims made by the respective parties.

The principal question which divides the parties to this proceeding is whether or not the redistricting of Provo City created vacancies in the office theretofore held by the plaintiffs. The defendants contend that when the ordinance took effect the plaintiffs were rendered ineligible to continue to act as members of the board and that therefore their offices became vacant and the board was authorized to fill such vacancies. The plaintiffs contend that they are entitled to continue to serve as members of the board for the remainder of the term for which they were elected, notwithstanding the ordinance redistricting the city placed them outside the boundaries of the municipal wards from which they were elected. We have a statute, Comp. Laws Utah 1917, § 4667, which provides:

"Every member of the board of education in cities of the first and the second class shall be and remain a resident, qualified, registered voter in the municipal ward from which he is elected, and the board of education is hereby required to fill any vacancy that may occur through non-residence or any other cause, until the next election of members of the board; and, in case the board of education, shall, for a period of thirty days after such vacancy shall occur, fail to agree upon the election of a member to fill such vacancy, then the mayor of the city, by and with the consent of the city council, shall fill such vacancy until the next election; provided, that any vacancy occurring previous to the annual election having an unexpired term shall be filled for such unexpired term at the first school election thereafter. *. * *"

The defendants contend that as Ole E. Olsen, Jr., does not reside in municipal ward No. 3, and that as George A. Startup does not reside in municipal ward No. 2, as defined

by the ordinance redistricting Provo City, therefore under the law heretofore quoted plaintiffs are nonresidents of the municipal wards which they claim to represent and, being nonresidents, they are no longer eligible to serve as members of the board of education from such municipal wards. In support of such contention the following cases are cited: *Mauck* v. *Lock,* 70 Iowa, 266, 30 N. W. 566; *State ex rel. Hartshorn* v. *Walker,* 17 Ohio 135; In re *Wood,* 34 Kan. 645, 9 P. 758; *Frazer* v. *Miller,* 12 Kan. 459; *School Dist. No.* 116 v. *Woolf et al.,* 78 Kan. 805, 98 P. 237, 20 L. R. A. (N. S.) 358; *Cotteral* v. *Baker,* 34 Okl. 533, 126 P. 211. The rule to be deduced from the foregoing cases is, so far as they relate to the questions here presented for determination, to the effect that when the boundary lines of a district, township, county, or other territory organized for the purpose of local self-government are so changed as to exclude therefrom the residence of an officer of such local municipality, then, and under such circumstances, a vacancy is created by operation of law in the office of the officer whose residence is so excluded. It is said in support of the rule that a person should not be permitted to participate in conducting the affairs of a government in which he has no direct interest. The instant case is readily distinguishable from most of the cases cited and relied upon by defendants. The duties of the plaintiffs as members of the board of education of Provo City are in no sense confined to the municipal wards from which they were elected. The office of a member of the board of education of Provo City is in no sense a municipal ward office. Each member of the board participates in the management and control of the entire school system of Provo City without regard to municipal wards. Every act which a member of the board is required to perform is an act for the entire school system of Provo City. The only purpose served by a division of the city into municipal wards, in so far as the school system is concerned, is that each ward shall elect one member of the board. So long as a board member resides within the boundaries of the city he has or should have a direct

interest in maintaining an efficient school system within the city.

It has been held in a number of jurisdictions under statutes similar to our above-quoted statute that when the boundaries of a subdivision of a state, county, or district are so changed that the residence of an incumbent in office of such state, county, or district is no longer in the subdivision from which he must be elected, such incumbent is entitled to continue in office until the expiration of the term for which he has been elected so long as he remains a resident of the territory over which his duties are to be exercised. The following cases support or tend to support such view: *State ex rel. Norwood* v. *Holden,* 45 Minn. 313, 47 N. W. 971, 972; *People ex rel. Snowball* v. *Pendergast,* 96 Cal. 289, 31 P. 103; *State ex rel. O'Connell* v. *Nelson,* 7 Wash. 114, 34 P. 562; *Brungardt* v. *Leiker,* 42 Kan. 206, 21 P. 1065; *State ex rel. Gill, Attorney General,* v. *Board of Supervisors of Milwaukee County,* 21 Wis. 449. The case of *State ex rel. Norwood* v. *Holden,* supra, is directly in point here. In that case the Supreme Court of Minnesota had before it for consideration a statute (Gen. St. 1878, c. 8, §§ 93, 94) which provided that:

"Sec. 93. * * * The board of commissioners may redistrict their counties, respectively, after each United States or state census taking the population as shown by their said census as the basis. Sec. 94. In each of said districts one commissioner shall be elected by the electors thereof, who shall at the time of his election be a resident of said district, and shall reside therein during his continuance in office."

The board of commissioners of one of the counties of Minnesota redistricted the county so that the residences of two of the commissioners who had recently been elected were placed outside of the district from which they were elected. The claim was made that the two commissioners were not entitled to the office to which they had been elected. In passing upon their right to the offices to which they were elected, the court said:

"In our opinion, an order redistricting a county is merely prospective in its operation as to the election and qualification of members of the board of commissioners, and in no way affects the right to the office of those previously elected. There is nothing in the language of the statute to indicate that a redistricting is intended to have any retrospective operation. On the contrary, the language of secion 94 favors the opposite view. The commissioner, it says, 'must at the time of his election be a resident of said district and shall reside therein during his continuance in office.' What this last clause has reference to is an actual change of residence, and not a change of district boundaries. The division of a county into districts is merely for election purposes. The duties of commissioners are not local, or to be performed in only a particular part of the county. On the contrary, they are merely members of an entire board which acts as such for the entire county."

The Supreme Court of the State of Washington, in the case of *State ex rel. O'Connell* v. *Nelson*, supra, cited with approval and followed the Minnesota case. A different rule seems to prevail in Michigan, *Ross* v. *Barber*, 86 Mich. 380, 49 N. W. 35. The great weight of authority is in accord with the views which we have quoted from the case of *State ex rel. Norwood* v. *Holden*, supra, and we are of the opinion that such views are sound. The plaintiffs in the instant case, not having changed their residence since their election, may well be said to have remained residents of the municipal wards from which they were elected. The objection urged against their qualifications at this time is not that they do not reside within the municipal wards from which they were elected, but rather that they do not reside within certain numbered municipal wards, the boundary lines of which have been fixed since their election. Such objections cannot be successfully maintained. Plaintiffs were not rendered ineligible to continue as members of the board of education of Provo City by the redistricting of the city.

It follows that Ole E. Olsen, Jr., is entitled to continue to act as a member of the board of education of Provo City from municipal ward No. 3 for the remainder of the term for which he has been elected unless in the meantime he

shall become disqualified. Likewise, George A. Startup is entitled to act as a member of such board from municipal ward No. 2 for the remainder of the term for which he has been elected unless in the meantime he shall become disqualified.

The temporary writ of prohibition heretofore issued by this court is made permanent. No costs are prayed for and none are allowed.

CHERRY, C. J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.