Gerard v. Birch.

JAMES W. GERARD

*v.*

SAMUEL M. BIRCH.

1. The limitation of the curtilage to half an acre, contained in the sixteenth section of the mechanic's lien law, applies to the case where there has been no designation of the curtilage by the owner, and where the means of designation by map do not exist, and the lien claimant is left to designate the curtilage. .

2. In a collateral proceeding, the judgment on a mechanic's lien claim is conclusive as to the extent of the curtilage.

On bill for relief. On final hearing on pleadings and proofs.

*Mr. J. C. Paulison*, for complainant.·

*Mr. H. J. Mills*, for Manhattan Life Insurance Company.

*Mr. T. M. Moore* and *Mr. J. E. Stoutenbergh*, for lien claimants. .

THE CHANCELLOR.

The bill is filed for relief against a judgment and execution upon a lien claim in favor of the defendants, Birch and

Bender, under which they were, at the time of the filing of the bill, proceeding to sell certain land owned by the complainant, and bought by him at a sheriff's sale under an execution issued out of this court in a suit brought by him for foreclosure of a mortgage thereon.

Birch and Bender were not parties to that suit. It was begun on the 18th of February, 1876, and they had not, when it was commenced, filed their claim of lien, though the last item in their bill of particulars was dated November 22, 1875. The complainant was, in fact, not aware of the existence of their claim. The land covered by his mortgage was part of a large lot on which Charles M. K. Paulison was, when the mortgage was made, erecting a palatial stone mansion. On one side of the property he had erected a stone barn and stable, and it was this part of the premises which was covered by the complainant's mortgage. The bill prays relief against Birch and Bender, that they may be perpetually enjoined from selling that part of the property. The cause in this respect is within the decision in *Raymond* v. *Post*, 10 *C. E. Gr.* 447, and Birch and Bender will be perpetually enjoined accordingly.

The bill also prays relief against the other persons who claim to have mechanics' liens upon the property. As to them, the complainant insists that their claims, and the judgments and executions thereon, should be modified as to the curtilage; that the curtilage should be so diminished as to exclude his property.

It appears that all the lien claimants, in their lien claims, described as the curtilage a lot of land known and designated on a map made by the owner of the property, and filed in the clerk's office of the county, as No. 21. It includes the land covered by the complainant's mortgage. The complainant, before judgment was entered in the suits on the lien claims, applied to the justice of the supreme court by whom the circuit court of the county was held, to alter the description of the curtilage as set forth in the lien claim.

Gerard v. Birch.

*Rev.*, p. 671, § 15. The justice, after hearing the matter, refused to make the alteration.

The judgment in these cases, therefore, is specially for the debt and costs to be made of the building and land described in the declaration. That judgment is conclusive as against the complainant. *Jacobus* v. *Mutual Ben. Life Ins. Co.*, 12 *C. E. Gr.* 604. But, apart from that consideration, the curtilage ought not to be diminished. The description, indeed, includes a small strip of land belonging to Annie P. Brown, and which ought not to have been embraced therein, that strip having been conveyed to her by Mr. and Mrs. Paulison, in 1865, by deed recorded in that year; but the bill makes no complaint on that score.

The lot designated on the map as No. 21 is of a proper size for so large a dwelling-house. The intention of the owner to appropriate the whole of it not occupied by the buildings as grounds, is manifest. It lies between Paulison avenue and Gregory avenue. The house fronts on the latter. The dimensions of the lot are about five hundred feet on each avenue, and the depth about four hundred and fifty feet. The main part of the house is eighty-two feet long and fifty feet deep. On the avenues there are fences. Along the whole front on Gregory avenue there is an iron fence with posts on which is the owner's monogram. The stone barn and stable on the land which was covered by the complainant's mortgage, was built as an appurtenance to the house, and was designed to be of an appropriate character. The material is the same in both. One of them is of Gothic and the other of Moorish style of architecture. There are extensive and costly green-houses upon the lot, which were also erected as appurtenances to the house. The lot is laid out with roads, and there is every indication that the owner intended that the whole of lot No. 21, except that part which had been conveyed to Mrs. Brown, should be grounds for his magnificent mansion.

The complainant insists that the mechanic's lien act (*Rev.* p. 671, § 16,) forbids that a curtilage of more than half an

acre shall be in any case assigned to a building. The limitation referred to applies only to the case where there has been no description of the curtilage by the owner, and where the means of designation by map do not exist. In such case the lien claimant is to designate the curtilage, and the limitation applies.

On the hearing, the complainant asked for relief also against the Manhattan Life Insurance Company, on the ground that their mortgage is subsequent to his, and ought, therefore, first to bear the burden of the lien claims. It is enough to say on that head that his bill prays no relief against that company, but it may be added that the curtilage obviously cannot be divided without prejudice to the property, and therefore the relief could not be granted.

The complainant is entitled to a perpetual injunction against Birch and Bender, restraining them from selling his property under execution on their judgment on their lien claim.