ARTHUR L. RUGGLES *vs.* ROSA BERNSTEIN & others.

Suffolk.    March 20, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Judgment.*

In an action on a bond to dissolve a mechanic's lien where no fraud or collusion appears a judgment establishing the lien is conclusive as to the debt thereby ascertained both against the principal and the surety.

CONTRACT on a bond to dissolve a mechanic's lien. Writ in the Police Court of Chelsea dated July 15, 1903.

On appeal to the Superior Court the case was heard by *Aiken*, J., without a jury. It appeared that, the plaintiff having filed a petition in the Police Court of Chelsea to enforce a mechanic's lien, the defendant Rosa Bernstein, as principal, and the defendants Bessie Aronberg and Horatio F. Twombly, as sureties, on March 5, 1903, executed the bond to the plaintiff to dissolve the lien. Upon the original petition counsel appeared for the respondent Bernstein, who subsequently was defaulted, and on a hearing, on June 12, 1903, the lien was established in the sum of $450.50 damages, and $13.82 costs; at that hearing Bernstein was not present in person nor by counsel. Bernstein not having paid the plaintiff the amount named within thirty days after final judgment thereon, the plaintiff began the present action upon the bond in the police court, and on September 11, 1903, obtained judgment by default in the sum of $464.32 as damages and $16.32 costs, from which judgment the defendant Twombly appealed, bringing the case to the Superior Court. In that court the defendants were defaulted, and the judge after default assessed damages in the penal sum of the bond, $1,000, and heard the parties upon the question of the amount for which execution should be awarded.

The defendant Twombly, under R. L. c. 177, § 10, offered evidence to prove that the original petition brought to enforce the mechanic's lien could not be maintained by reason of the fact that the debt due the petitioner was a contract price under an entire contract, that the contract never had been performed by the petitioner, that no statement ever had been filed properly covering this debt, and that the statement filed was prematurely filed and was not in accordance with the statute, and also offered evidence to prove that, if the petitioner could establish a lien for any amount, the principal defendant, Bernstein, had made substantial payments to the plaintiff on account of the work performed under the contract before the statement was filed, for which no credit was given the principal defendant in the statement, and also offered evidence to prove that at the hearing in the police court, when the lien was established, the principal defendant was not personally present or represented by counsel.

The judge excluded the evidence, and awarded execution to issue for the sum of $500.13. The defendant Twombly alleged exceptions.

*M. R. Thomas,* for the defendant Twombly.

*S. R. Cutler,* for the plaintiff, was not called upon.

HAMMOND, J. The evidence excluded related to defences which could have been set up in the original action. No fraud or collusion being shown, the judgment rendered against the principal was conclusive evidence of the debt thereby ascertained, both against her and against the surety. *Cutter* v. *Evans,* 115 Mass. 27. *Way* v. *Lewis,* 115 Mass. 26, and cases there cited.

*Exceptions overruled.*