UNDERWOOD COCHRAN and FREDERICK E. MOORE

*v.*

JOHN G. BURNS.

[Submitted July 7th, 1919.   Determined July 9th, 1919.]

1. Where an instrument professes, or is intended to carry into execution a previous parol or written agreement, but by mistake of the draftsman either as to fact or law, violates the manifest intention of the parties, equity will correct the mistake so as to produce a conformity thereto.

2. Where an agreement was to convey land subject to the rights of tenants occupying the premises under a lease, and through mutual mistake such reservation was omitted from the deed, the deed will be reformed in that respect.

3. Although the bill for such reformation is not in the accurate and technical form, it is sufficient if the question of such material mistake is substantially presented so that it cannot be misapprehended.

4. *Tucker* v. *Madden, 44 Me. 206,* and *Hunt* v. *Rousmaniere, 1 Pet. 1,* approved and followed.

On bill for reformation of deed of conveyance.   On hearing on motion to strike out bill.

*Messrs. Bourgeois & Coulomb,* solicitors of defendant, for the motion.

*Messrs. Schimpf, Hanstein & Butler,* solicitors of complainants, opposed.

LEAMING, V. C.

Complainants' amended bill is for reformation of a deed of conveyance of real estate made by complainants to defendant. Defendant now moves to strike out the amended bill on the ground "that there are no facts set forth as alleged in said bill which would entitle the complainants to the relief prayed for therein."

The general rule touching reformation of written instruments, as early stated in our federal supreme court, cannot be questioned: "Where an instrument is drawn and executed, which professes, or is intended, to carry into execution an agreement, whether in writing or by parol, previously entered into, but which, by mistake of the draftsman, either as to fact or law, does not fulfill, or which violates the manifest intention of the parties to the agreement, equity will correct the mistake, so as to produce a conformity of the instrument to the agreement." *Hunt* v. *Rousmaniere,* '1 *Pet.* 1, 13. The rule, as there stated, is given express approval in *Ex'rs Wintermute* v. *Ex'rs Snyder, 3 N. J. Eq. 489, 500,* and is in substance approved by our court of errors and appeals in *Freichnecht* v. *Meyer, 39 N. J. Eq. 551, 560.* If complainants' bill clearly sets forth a situation of that nature it must be sustained.

The bill states as a fact that the premises conveyed to defendant was subject to lease and was occupied by tenants, all of which defendant knew, and that it was the intention of complainants and defendant that the conveyance should be made subject to the leasehold and the interests of tenants, and to that end they placed in the written agreement of sale a provision that "all adjustments, such as water, sewer, interest, rents, taxes, &c., on both properties to be adjusted as of day of settlement." That a conveyance was subsequently made by complainants to defend-

ant in pursuance of the agreement, but the deed of conveyance so made was a general warranty deed and did not mention leasehold interests of tenants; that complainants' deed was made and executed without excepting the leasehold interest of tenants through mutual inadvertence and mistake. The prayer is that the deed be reformed to conform to the intention of the parties, as contained in the agreement of sale, and for general relief.

In my judgment, these averments clearly express the essential facts on which reformation may be decreed. If, in fact, the agreement was to convey subject to the rights of the occupying tenants, and the conveyance which was made failed to express that reservation, and the omission of that reservation from the deed of conveyance occurred through mutual inadvertence and mistake of the parties, complainants are clearly entitled to have the deed contain a reservation of that nature.

It is an approved practice in suits for reformation of instruments to set forth in full in the bill the terms of the contract, if in writing, and also the terms of the instrument which has been executed in fulfillment of the contract, and to also specifically set forth the words sought to be added or expunged. See article on Reformation, &c., in *18 Encycl. Pl. & Pr. 744 et seq.* But I am unable to find this practice defined as a necessity. I think the sound rule is that stated in *Tucker* v. *Madden, 44 Me. 206:* "Although a bill for the reformation of a deed is not in the accurate and technical form which is desirable, it is sufficient if the question whether there was a material mistake in the deed is substantially presented so that it cannot be misapprehended."

I will advise an order denying defendant's motion.