This bill is to quiet the title to land. The Rynda Development Company agreed in writing to sell the lot to the Chemtec Company, in which it was stipulated that the purchaser be let into possession. Permission was given to construct a dwelling. The Chemtec Company contracted debts in the construction of the building, and Salmon Company, materialmen, filed a lien claim, recovered judgment specially against the land, and, under execution, the property was sold and conveyed to the complainant. In the meanwhile the Chemtec Company transferred its contract to Amelia R. Gluck, and the Rynda Development Company arranged to convey the land to her. Mrs. Gluck negotiated with a New York concern for a mortgage; the time was fixed for the passing of *Page 63 
title at the office of the lender's attorney in New York, and the deed was left with the attorney to be delivered on payment of the balance of the purchase-money. The mortgage loan was not effected; the purchase price was not paid, and the deed was surrendered by the attorney to the Rynda company. Before delivering the deed to the New York attorney, Maurice B. Gluck, Mrs. Gluck's husband, a New York lawyer, who represented her in all the transactions, persuaded the representatives of the Rynda company to permit him to have a photostatic copy of it made, upon the representation that it would be a protection against the New York attorney. Gluck then had his wife execute a mortgage to one Frieda Horn, and annexed to it the photostatic copy of the deed and recorded it in the Essex county clerk's office. The Glucks made the claim that the deed was delivered, but that is false. The bill is filed to rid the record title of the cloud of the supposed deed and mortgage, as well as any other supposed interest the Glucks and Miss Horn may claim to have in the property. A previous effort was made to this end. After the sheriff struck off the property to the Arlington Realty Company, and before delivering the deed, the Rynda company and the Arlington company joined in a bill to remove the cloud from the title, which was later amended into a bill to quiet the title. It was dismissed because the complainants failed to show peaceable possession. The Chemtec Company had been let into possession, to which Mrs. Gluck apparently succeeded, and neither had been ousted, at least, not to the extent of showing that the complainants were then in peaceable possession. The Arlington company thereafter took the deed from the sheriff, and, after recording it, filed the present bill to quiet the title, which, after amendments, was brought to a hearing on the issue of peaceable possession. Later, the defendants were given permission to set up their title, and they put in proof to support it. I now notice, for the first time, that in their answer they ask for a trial by jury. That request comes too late.
The record of the mechanics' lien suit shows that the issuing of the summons was not endorsed on the lien claim, as *Page 64 
the statute requires, and, consequently, the lien was discharged.Wheeler v. Almond, 46 N.J. Law 161. The judgment is a nullity and the Arlington Realty Company took nothing by the sheriff's deed. The judgment is attackable in these proceedings. Raymond
v. Post, 25 N.J. Eq. 447; Gerard v. Birch, 28 N.J. Eq. 317.
Under the statute to quiet title there are no necessary pleadings except those therein provided for. At the hearing the complainant set up its title under the sheriff's deed to defeat the defendants' rights under their contract of sale, and it was quite admissible to attack the judgment on which the deed rests to show the futility of the complainant's efforts.
The Arlington Realty Company is no better off than it was when it, with the Rynda company, filed its bill to quiet the title, which was dismissed because peaceable possession in them was not shown. The adverse right of possession of Amelia R. Gluck then shown has not been changed. It is true that the Arlington company has entered and finished the building, but the entry has at all times been adverse to Mrs. Gluck's claim. Barry v. Tunick,97 N.J. Eq. 281.
The complainant has failed to meet the statutory requirement, and the bill will be dismissed.