THE STATE, EX REL. ENGLEWOOD THEATRICAL ENTERPRISE, INCORPORATED, RELATOR, v. ROBERT S. TIPPING, C. CORTLANDT HAY, ARTHUR S. COOKMAN, GEORGE J. FAULKNER, CHARLES H. GREENBERG, CONSTITUTING THE COMMON COUNCIL OF THE CITY OF ENGLEWOOD, COUNTY OF BERGEN AND STATE OF NEW JERSEY; H. V. D. MOORE, MAYOR OF THE CITY OF ENGLEWOOD, AND ROBERT JAMIESON, CITY CLERK OF THE CITY OF ENGLEWOOD, DEFENDANTS.

Submitted May 15, 1925—Decided November 5, 1925.

Municipalities — Licenses — Theatres — Application For License, Building Not Yet Erected—Application Denied by Common Council—Fee Returned—Respondents Filed No Brief—Application Has No Reference to Erection of Building—Record Does Not Show Reason For Refusal in Such An Uncertain Situation, Only An Alternative Writ of Mandamus Will Be Awarded.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, David Bobker (Harry Unger, of counsel).

For the defendants, F. Hamilton Reeve and William N. Seufert.

PER CURIAM.

This is a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue to compel the common council and mayor of Englewood, and the city clerk, to issue to the relator "a license to conduct a theatre at 16 to 22 Palisade avenue," in the city of Englewood, which license was refused.

The city ordinance, by section 1, provides that no person or persons or corporation shall "establish or maintain within the limits of the city of Englewood any publc show or exhibition of a permanent character without first obtaining a permit from the council." Section 2 provides "that any person or persons or corporation desiring such permit must make written application for the same, stating the character of such show or exhibition, and the location where the same is to be held," and also provides for "the payment of a fee of $50, payable annually."

It is by no means clear that the application in the present case states the character of the show or exhibition. The first application merely says that relator "makes application for a theatre license. We propose to erect an up-to-date theatre with stores and office, 16-22 Palisade avenue, Englewood." This application, having been made before the relator was incorporated, and having been denied, a second application was made a few weeks later, and, after incorporation, saying merely that relator "makes application for a theatre license; said theatre to be erected on 16, 18, 20, 22 West Palisade avenue, Englewood, New Jersey."

The fee required by the ordinance was paid and returned when the second application was refused for reasons which do not clearly appear.

We have no brief for the respondents, and, as matters now stand, we are not definitely advised, either by the record or otherwise, as to the reason for the refusal. The building where the show is to hold forth apparently has not as yet been erected, but the application is not for a permit for erection. It is, as we have stated, an application for a theatre license at a place in the city where it is proposed to erect a building.

In such state of uncertainty as to factual situation, the most that the relator can properly hope to obtain is an alternative writ of *mandamus*, and that will be awarded.