This is a bill filed by complainant for the reformation of a deed made by her to defendants in October, 1926, so that the defendant grantees assume a mortgage in the sum of $12,000 held by the Druggist Building and Loan Association. The agreement for the sale of the property states the consideration to be $14,500, made up as follows: Cash, $1,000; assumption of mortgage, $12,000; second mortgage, $1,500. The defendants also agreed to pay the back shares of the building and loan mortgage in cash at the time of closing title, and complainant agreed to assign the said shares.
The deed does not contain an assumption clause. The attorney who drew it testifies it was omitted through his error. Defendants insist that the assumption clause was included in the agreement because the attorney told them it meant nothing. However, they read it and signed it. They are both intelligent business men — one a druggist, the other a dentist. The agent who negotiated the sale testified that *Page 614 
the purchase price was to be $14,500, and he received for his services approximately three and one-half per cent. on that sum. Moreover, the back shares of the building and loan were paid as the agreement provided, and the shares assigned. In addition, defendants paid the building and loan mortgage for nearly five years and paid off the second mortgage.
The price agreed upon was $14,500 and if the mortgage were not assumed, the consideration would be reduced to $1,000 cash, and $1,500 second mortgage — $2,500 — which seems wholly inconsistent with the terms of the agreement.
There is another fact which has at least some bearing on the matter. When the building and loan association began its foreclosure of the mortgage, one defendant conveyed away his interest in the premises, and the other placed a large chattel mortgage on the assets of his drug store. Complainant had no knowledge of the omission of the assumption clause until she was served with a subpoena in the foreclosure suit — defendants having, as I have said, paid the building and loan for nearly five years previously. Upon this testimony, I conclude that it was the intention of all parties that the defendants should assume the mortgage, and that the defendants knew and agreed to the assumption when they signed the contract of sale. I do not believe the scrivener told them the clause was meaningless, and I believe him when he denies any such statement. I believe he unintentionally omitted the clause from the deed. If defendants, as they say, knew it was omitted from the deed before they signed it, it was their duty to call the fact to the scrivener's attention, and their conduct in not doing so was fraudulent. That they knew they had agreed to assume the mortgage is clearly shown by the fact that they made payments on it for nearly five years. They will not now be permitted to say they did not intend to assume it, and allow these payments to be considered purely mistakes on their part. The law is well settled that a reformation of a written agreement will be directed by a court of equity when the person who prepared it failed to express the true intent of the parties. The general rule is stated as follows in53 Corp. Jur. 932: *Page 615 
"Whenever an instrument is drawn with the intention of carrying into execution an agreement previously made, but which by mistake or inadvertence of the draftsman or scrivener, either as to law or fact, does not fulfill the intention of the parties, but violates it, there is ground to correct the mistake by reforming the instrument."
See, also, Mayer v. West Side Development Co., 78 N.J. Eq. 415,
and Cochran v. Burns, 91 N.J. Eq. 7.
The allegation of laches made by defendants is without merit. The testimony shows that complainant had no notice of the error in the deed until she was served with a subpoena in foreclosure five years after the transaction was as she supposed closed. If there were any laches, they should be charged to defendants, who paid for five years on the mortgage before alleging they had not assumed it.
I will advise a decree in accordance with the prayer of the bill.