## MILLER BREWING CO. v. CAPITOL DISTRIBUTING CO. et al.

No. 5752.   Decided March 7, 1938.   (77 P. 2d 359.)

For former opinion, see 72 P. 2d 1056, 94 Utah 43.

*Shirley P. Jones* and *W. B. Kelly,* both of Salt Lake City, for appellant.

*E. R. Christensen* and *T. C. Hanson,* both of Salt Lake City, for respondents.

WOLFE, Justice.

The defendants Hess and Lundberg petition for a rehearing, not on the ground that we were wrong in the one and only point decided, 72 P. 2d 1056, but that we failed to con-

sider respondents' objection that appellant's assignments of error were insufficient to present any question to this court. Secondly, that we failed to consider respondents' objection that appellant, by appealing only from a part of the judgment, put itself in position where if we reversed the case (which we did), we could not do complete justice between the parties, in that we would deprive respondents of the right to appeal from the judgment against the Capitol Distributing Company which they, as guarantors, would be required to pay.

Neither ground has tenability. Where an appealing party presents a single law question for decision and there is not the least doubt as to what is presented for review, we do not look around for technicalities to avoid deciding the issue presented. In the instant case, the court in its findings included a paragraph which may have been an ultimate fact deduced from evidentiary facts or a conclusion of law. We spent no time in attempting to distinguish. The appellant assigned as error this conclusion of the court contained in the findings to the effect that the contract of guaranty made by appellant with Hess and Lundberg was "doing business" and that, therefore, said contract was void, the appellant corporation not having qualified. The appellant, in order to present the correctness of this conclusion for review, could admit the correctness of all evidence introduced as to the transactions between the parties. The sole question was whether the court erred in its conclusion from those facts that signing and delivering this guaranty contract to appellant in Utah and acceptance by it in Utah was "doing business" in Utah. It is difficult to see how else plaintiff could have raised this question except to assign this conclusion, whether contained in the findings of fact or conclusions of law. It would be an injustice and a hardship to hold that because the lower court incorrectly included a conclusion of law in the findings of fact, that plaintiff could not assign such conclusion as error when the conclusion was the very error which

worked plaintiff's defeat in the case. There was no ambiguity about the question presented. Rule 6 was meant to require the appealing party to apprise use definitely of the questions for review and not to permit a game of legal hide and seek. Where we have no doubt as to the question presented, we do not indulge in rarefied technicalities to defeat that right of review. It appeared to us to be so clearly and simply presented by assignment that we took no time to consider the objection to the assignment, which objection we decided and now decide had no merit.

As to the second ground for rehearing—the claim that we failed to consider respondents' objection that appellant should have appealed the whole of the judgment and not part of it—the argument seems to be as follows: The Miller Brewing Company got a judgment against the Capitol Distributing Company for $1,389.22. It failed to get judgment against Lundberg and Hess, alleged guarantors of that indebtedness. It appealed from that part of the judgment dismissing its action against Lundberg and Hess, but not against that part of the judgment against the Capitol Distributing Company in its favor for $1,389.22. It should have also appealed from that part of the judgment which it obtained against the Capitol Distributing Company. It cannot appeal from part of a judgment because, if it does so, it in effect deprives these respondents of a right to appeal from the judgment against their principal, the time having run. In other words, if it wanted to appeal, it must also assign as error that part of the judgment in its favor against one party, with which it is perfectly well satisfied, as well as that part of the judgment in favor of other parties, with which it is aggrieved. The statement of the proposition contains its own refutation. A party need only appeal from that part of the judgment which is against him where such part is divisible. *Rosenthyne* v. *Matthews-McCulloch Co.*, 51 Utah 38, 168 P. 957.

The trouble lies not with the appellant's appeal or with the decision of this court, but with the respondents them-

selves for failing to cross-appeal from the judgment against their principal. While it may have seemed useless to do so, since by the lower court they were held as not liable on a guaranty, such holding we find to be error. Hence, it transpires that they were all the while guarantors. As guarantors, they were bound by the judgment against their principal unless they appealed and reversed it. A guarantor is bound by a judgment against his principal if he is a party thereto. Some courts go to the extent of saying he is bound even if not brought into court, provided he has notice of the suit. *City of Seattle* v. *Saulez,* 47 Wash. 365, 92 P. 140; *Blanding* v. *Cohen,* 101 App. Div. 442, 92 N. Y. S. 93; *Great Northern R. Co.* v. *Akeley,* 88 Minn. 237, 92 N. W. 959; *Ruggles* v. *Bernstein,* 188 Mass. 232, 74 N. E. 366. The fact that they thought they were not guarantors because of an erroneous judgment of the court does not change this principle. Being guarantors all the while, despite the pronouncement of the lower court, they are precluded by the judgment against the principal unless they appeal and reverse it. If they do not cross-appeal, they gamble between the chance that the judgment holding them not to be guarantors will be affirmed and the chance that if reversed that their time to appeal from the judgment against their principal will have run.

The recent case of *Helvering* v. *Pfeiffer,* 58 S. Ct. 159, 82 L. Ed. .., decided in December, 1937, illustrates the principle herein laid down. The Commissioner of Internal Revenue rested satisfied with a decision of the Board of Tax Appeals against him on one matter and failed to take a cross appeal to the circuit court when the taxpayer appealed from that part of the judgment of the Board of Tax Appeals which was against him (the taxpayer). The Supreme Court, on certiorari by the Commissioner after the circuit court had ruled against him on the appeal taken by the taxpayer, in which he sought to raise the question of the Board's ruling against him on the other item, refused to take cognizance of it because the Commissioner had not

cross-appealed from the Board of Tax Appeals to the circuit court. While the dissenting opinions of Mr. Justice Stone and Mr. Justice Cardozo in that case appear to have considerable merit, there seems to be no question but that the instant case could not come within the principle laid down in the dissent.

The petition for a rehearing is denied.

FOLLAND, C. J., and HANSON, J., concur.

LARSON, Justice (concurring in the result).

From the opinion originally entered in this cause, Mr. Justice MOFFAT and I dissented. The petition for a rehearing by the defendants Hess and Lundberg is by its terms limited to two very definite and narrow questions. With the views expressed by Mr. Justice WOLFE on those questions in disposing of the petition for a rehearing, we concur, but we do not wish such concurrence to indicate or be construed as any departure from our views as expressed by Mr. Justice MOFFAT in the dissenting opinion upon the original hearing.

MOFFAT, J., concurs.