## GARNER v. THOMAS et al.

No. 5917.   Decided April 20, 1938.   (78 P. [2d] 529.)

For former opinion, see 94 Utah 287, 75 P. 2d 168.

*George C. Buckle,* of Salt Lake City, for appellants.

*Thatcher & Young,* of Ogden, for respondent.

LARSON, Justice.

Respondent has filed a petition for a rehearing. Two points are urged wherein it is claimed the court was in error in its previous opinion, 94 Utah 287, 75 P. 2d 168. First. That the court failed to consider the right of plaintiff to recover against Clara L. Thomas on the debt even though the note be held void as to her. It is sufficient to say that the only liability of Clara L. Thomas was on the note under both the pleadings and the evidence. Had she not signed the note, there would have existed no claim against her. She received nothing, was not a contracting party except by signing the note with George S. Thomas, and could not have been held had the suit been brought *in debt* on the contract of sale as could Mr. Thomas. Since her liability exists only because she signed the note, when the note is voided, her liability ceases.

Second. Respondent complains of a statement in the opinion which is an apparent criticism by the court directed to counsel for appellant. The statement is: "It appears from the brief that counsel for defendants took the view that since Garner was deceased, Mr. Thomas would not be permitted to testify in regard to the matter. *In this counsel was in error because the executor having opened up this alleged conversation and agreement, Mr. Thomas could testify as to that matter and explain or deny the same.*" (Italics added.) It is argued that, since the alleged conversation was brought out in cross-examination of the executor, it was not opened up for rebuttal. As far as this case is concerned, it does not matter, because no attempt was made to rebut it. It is therefore unnecessary to decide whether or not such situation opens up the alleged conversation for rebuttal, and so we do not decide that matter. The statement from the original opinion, quoted above, is therefore stricken and deleted from the opinion rendered, and as so corrected the opinion stands.

The petition for a rehearing is denied.

FOLLAND, C. J., and HANSON and MOFFAT, JJ., concur.

WOLFE, Justice (concurring).

The opinion on rehearing states that two points are urged in the petition for a rehearing wherein it is claimed this court committed error. I think there is a third which seems to me more important and difficult than the two mentioned in Mr. Justice LARSON'S opinion.

The opinion of the court, speaking through Mr. Justice Larson, in this case, 94 Utah 287, 75 P. 2d 168, 171, adjudges that "the decree of foreclosure should provide that lot 1 * * * was inadvertently and erroneously included in the description of the mortgaged property, and should be deleted therefrom." In his brief on petition for rehearing, the plaintiff-respondent argues that this relief was improvident because the affirmative allegations of the answer did not set up sufficient facts to support a cause of action for reformation, and the demurrer which was interposed compels this court to consider the sufficiency of the answer before giving judgment of reformation.

Had the matter of the sufficiency of the answer praying reformation been timely and properly raised, I believe a good deal might be said for plaintiff's position that the answer was required to contain an allegation that defendant had not been guilty of negligence in signing the mortgage covering lot 1 which, it was claimed, was inadvertently included. There is a division of authority on the question of whether the moving party in a suit for reformation must negative negligence or only gross negligence. See the well-considered notes in 28 L. R. A., N. S., 882; 45 A. L. R. 700; 65 Am. St. Rep. 485; 23 R. C. L. 360.

The pleading in this case alleges that defendant "had no attorney or anyone skilled in land matters * * * and did not ascertain" that lot 1 was included. This statement

rather shows negligence than the lack of it. In *Hitchens* v. *Milner Land, Coal & Townsite Co.*, 65 Colo. 597, 178 P. 575, allegations that the complainant relied on the other party's attorney and did not read the instrument were held sufficient on demurrer. Those are substantially the facts, but not the pleadings, in the case at bar, although there is evidence here of reading the instrument after a fashion. But in *Baker* v. *Patton*, 144 Ga. 502, 87 S. E. 659, was a complaint for reformation for mistake due to fraud where a demurrer was overruled. A note had been indorsed "without recourse" and plaintiff, an "uneducated man," had not noticed it. It was held error to overrule the demurrer.

*Reams* v. *McMinnville*, 153 Tenn. 408, 284 S. W. 382, 384, lays down the sensible rule that, "The pleader must explain how the mistake was made, and show that he was without fault in the matter." In *Cochran* v. *Burns*, 91 N. J. Eq. 7, 107 A. 476, it is held that a complaint was good although no facts or statements as to how the mistake occurred are included except that it was a material mistake and the written agreement was not the intended agreement. If this case decides that the pleading need not negative negligence, it stands almost alone.

Seemingly, in this state the rule is that reformation of a written instrument will not be decreed where the party seeking reformation is guilty of negligence only. *Nordfors* v. *Knight*, 90 Utah 114, 60 P. 2d 1115; *George* v. *Fritsch Loan & Trust Co.*, 69 Utah 460, 256 P. 400. Unless we consider the point already settled in this jurisdiction, a rehearing on this question might project this court into a field of divergent authorities with numberless cases which each side could marshal as tending to support his view, and it would, in such case, definitely be our duty to decide that point. But in this case, I fear the point has not been properly or timely raised.

Error in overruling the demurrer was not assigned or argued in this court on appeal because of the judgment in plaintiff's favor below. As a general rule courts will not

grant rehearings to consider questions which could have been urged in the first hearing but were not. *Western Securities Co.* v. *Silver King Consolidated Min. Co.,* 57 Utah 88, 192 P. 664; *Dahlquist* v. *Denver & Rio Grande R. Co.,* 52 Utah 438, 174 P. 833. But the court may do so, and in those two cases did so, despite the general rule to which they both give nominal obeisance. But we are now asked to go much further than to hear a point on rehearing which could have been urged on the original hearing. We are asked, on rehearing, to consider a point which, because of the lack of assignment, would ordinarily not have been heard on the original hearing.

The respondent did not urge the present ground upon the consideration of the court because he was successful in the district court. But respondent does not say he could not have urged it on appeal. The situation is not unlike that in *Miller Brewing Co.* v. *Capitol Distributing Co.,* 94 Utah 43, 72 P. 2d 1056, where, on petition for rehearing, 94 Utah 51, 77 P. 2d 359, 361, this court said: "The trouble lies  *  *  * with the respondents themselves for failing to cross-appeal.  *  *  *  While it may have seemed useless to do so, since by the lower court they were held as not liable on a guaranty, such holding we find to be error."

In this case it would have required not a cross-appeal, but a cross-assignment.

Where a demurrer is assigned, but not argued in the brief on appeal, it may be considered to have been abandoned. *Dayton* v. *Free,* 46 Utah 277, 148 P. 408; *Olsen* v. *Merrill,* 78 Utah 453, 5 P. 2d 226; *Roe* v. *Lundstrom,* 89 Utah 520, 57 P. 2d 1128. Not assigning as error seems an a fortiori situation. So, not being assigned, we may consider that the demurrer was abandoned and perhaps refuse to consider it even at the hearing, let alone on rehearing. The decision already given is on the merits; there seems insufficient reason for now going back of that decision and granting a rehearing on a question of pleading. Evidence was received on the question of mistake and this court has decided on

the merits that there was material mutual mistake and decreed reformation. Respondent, by assigning error in the overruling of the demurrer, could have prevented consideration of the merits until he had been heard on that ruling. Respondent having apparently abandoned that question, this court should not, on rehearing, go back of its opinion on the merits to a pleading question when doing so is optional with the court and it is good practice to refuse.

A rehearing, therefore, must be denied because the question of error in the ruling on the demurrer was abandoned.