This is a suit to quiet title under R.S. 2:76-2.
The defendant Fanny Gliksman by deed dated August 1st, 1942, and recorded in the office of the clerk of Bergen County, August 8th, 1942, in Book 2350 of Deeds for said county, on pages 544,c., conveyed to the complainant the following premises situate in the Borough of Demarest, County of Bergen, and State of New Jersey:
"First Tract:
"BEGINNING in the northwesterly line of Piermont Road where the same is intersected by the southwesterly line of lands conveyed to Jennie Catts by Dwight Moore by deed dated June 15, 1908, recorded in the Bergen County Clerk's Office in Book 695 page 356; thence (1) running North 40° 42' West along the southwesterly line of lands conveyed to Jennie Catts, 456.05 feet; thence (2) North 45° *Page 370 
West still along said southwesterly line of lands conveyed to Jennie Catts 46.92 feet to a point; thence (3) North 44° 4' 40" East 209.90 feet, more or less to the southwesterly line of East View Terrace; thence (4) Easterly along a curve to the left having a radius of 1040.63 feet, a distance of 86.70 feet; thence (5) South 40° 34' East, 405.50 feet to the northeasterly line of Piermont Road; thence (6) South 40° 39' West along said line of Piermont Road, 202.79 feet to the point or place of BEGINNING.
"Second Tract:
"BEGINNING at a point in the division line of property of the Party of the First Part herein and property now or formerly of Heinzman distant 46.92 feet on a course of North 45° 00' West from the beginning point of the second course as set forth in deed dated April 1, 1938, and recorded May 8, 1940 in Book 2213 of Deeds on Page 325, and running from thence (1) North 45° 00' West and along the line of land now or formerly of Heinzman, 20 feet to a stake; thence (2) North 49° 26' East a distance of 213.65 feet more or less to a stake at the southerly line of East View Terrace; thence (3) Easterly along a curve to the left having a radius of 1040.63 feet, a distance of 65.95 feet to the beginning of the fourth course in the first tract above described; thence (4) South 44° 04' 40" West and along the third course described in the first tract a distance of 209.90 feet to the point or place of BEGINNING.
"This tract subject to a mortgage to the Home Owners' Loan Corporation which covers this tract and other property of the Party of the First Part.
"Third Tract:
"BEGINNING at a point on the westerly line of Piermont Road distant along the same from the intersection of the same with the northerly line of property now or formerly of Heinzman and property of the Party of the First Part, on a course of North 40° 39' East 202.79 feet which point is the end of the fifth course of the first tract herein described, and running thence (1) North 40° 34' West 405.50 feet to a point of curve; thence (2) Westerly along said curve described as the fourth course of the first tract hereinbefore described, and as the third course of the second tract hereinbefore described, to the line of the second course in said second tract; thence (3) North 49° 26' East .61 feet to the southerly line of a proposed street known as East View Terrace; thence (4) South 40° 34' East along the said line of said proposed street, a distance of 491.09 feet to the westerly line of Piermont Road; thence (5) along the same South 40° 39' West 7.10 feet to the point or place of BEGINNING." (Exhibit C-1.)
Subsequently the defendant Fanny Gliksman executed a deed changing or correcting the description of the lands aforesaid to read as follows:
"BEGINNING at a point on the westerly line of Piermont Road where the same is intersected by the division line between property now or formerly of Heinzman and Martin Catts; thence (1) westerly along *Page 371 
the division line of property now or formerly of Heinzman and Martin Catts on a course of North 40° 42' West 456.05 feet to an angle point; thence (2) still along the division line between property now or formerly of Heinzman and Martin Catts on a course of north 45° 0' west, 66.92 feet; thence (3) northerly on a course north 49° 31' 32" east, 214.26 feet to a point 158 feet southerly from the northerly line of lands of Martin Catts; thence (4) easterly and parallel with the northerly line of property now or formerly of Martin Catts and distant 158 feet southerly therefrom on a course of south 40° 34' east 491.09 feet to the westerly line of Piermont Road; thence (5) southerly along the westerly line of Piermont Road on a course of south 40° 39' west 209.89 feet to the point or place of beginning. Containing 2 -42/100 acres. The above courses and distance taken from a survey made for Fanny Gliksman, by Elmer A.E. Blackwell, Engineer and Surveyor, Tenafly, N.J. dated Nov. 28th, 1941.
"This deed is a correction deed correcting the description in a deed between the same parties dated August 1st, 1942, recorded August 8, 1942, in Book 2350 page 544 of deeds for Bergen County. And is the same lands and premises described therein by three separate tracts." (Exhibit C-2.)
The consideration mentioned in the "correction deed" (ExhibitC-2) is the sum of $500.
The premises described in Exhibit C-2 combines the three tracts of land described in Exhibit C-1, but excludes from the description in the deed of correction aforesaid the lines described as course "(2)" and course "(3)" of the "Second Tract" set forth in said deed marked Exhibit C-1.
The deed of correction (Exhibit C-2) states: "The above courses and distance taken from a survey made for Fanny Gliksman, by Elmer A.E. Blackwell, Engineer and Surveyor, Tenafly, N.J. dated Nov. 28th, 1941."
On June 8th, 1945, the defendant Fanny Gliksman conveyed to the defendants Albert Emerizy and Ida Emerizy, his wife, premises adjoining the property owned by the complainant, and included therein a portion of the property conveyed to the complainant as described in the deed marked Exhibit C-1, and being course "(2)" and course "(3)" of the "Second Tract" of said deed marked as Exhibit C-1.
At the time of the delivery of the deed to Albert and Ida Emerizy, they executed a mortgage covering the premises conveyed to them, to the defendant Bergenfield National Bank and Trust Company in the sum of $9,000, which mortgage covers that portion of the property described as course "(2)" *Page 372 
and course "(3)" of the "Second Tract" of the deed marked asExhibit C-1.
The complainant claims that the deed to Albert and Ida Emerizy dated June 8th, 1945, and the mortgage executed by them on the premises described in the deed affects the title to her land, in consequence of which she instituted this suit to quiet title to the same.
The defendant Fanny Gliksman filed a counter-claim for a reformation of the deed dated August 1st, 1942, and therein made the complainant's husband, Jacob Joffe, a party to this suit, alleging that he is the real party in interest.
The complainant, before the hearing, reserved the right to move to strike the counter-claim of Fanny Gliksman, for the reason that the allegations contained therein show no ground for equitable relief, and do not set forth a cause of action.
The court reserved decision on this motion. Having considered the application to strike, I now have concluded to deny it. I am satisfied the counter-claim presents a cause of action which calls for equitable relief.
The correction deed, Exhibit C-2, was recorded by the defendant Fanny Gliksman, through her attorney, some three years after she executed the deed Exhibit C-1. At or about that time she discovered that the scrivener made a mistake in describing the property she intended to convey, and improperly included 3/10ths of an acre in the deed (Exhibit C-1) — the title to that 3/10ths of an acre is the issue now in dispute between the parties.
The evidence shows a mistake was made in the preparation of the deed which warrants reformation. Mayer v. Side DevelopmentCo., 78 N.J. Eq. 415; 79 Atl. Rep. 620; Cochran v. Burns,91 N.J. Eq. 7; 107 Atl. Rep. 476; Simeone v. Varloro,107 Atl. Rep. 204; 152 Atl. Rep. 173; Katchen v. Silberman, 109 N.J. Eq. 613; 158 Atl. Rep. 427. See, also, Colton v. Piggage, 2 N.J.Mis. R. 490; Coady v. Ciccion, 2 N.J. Mis. R. 588; WesternElectric Co. v. Jersey Shore Realty Co., 93 N.J. Eq. 587;117 Atl. Rep. 398; Biliunas v. Balassaitis, 115 N.J. Eq. 440;171 Atl. Rep. 319; Downs v. Jersey Central Power and Light Co.,117 N.J. Eq. 138; 174 Atl. Rep. 887; Parretti v. Citizens'Casualty *Page 373 Co., 128 N.J. Eq. 206; 15 Atl. Rep. 2d 802; Union FurShop, Inc., v. Max Melzer, Inc., 133 N.J. Eq. 416;29 Atl. Rep. 2d 873.
The defendants deny that the complainant held the disputed lands in peaceable possession. They say that neither the complainant nor her husband, Jacob Joffe, were ever in possession of the 3/10ths of an acre of land in dispute. They assert that Jacob, the husband of Cila Joffe, the complainant, erected fence posts adjoining the tract intended to be conveyed and the disputed piece of land and that neither of those parties complainant exercised any right of ownership in this 3/10ths of an acre. Jacob Joffe subsequently attempted to move the fence posts he had installed to a point 65.95 westerly, but the defendants strenuously objected with the result that he placed the posts back in their original location. See Rynda DevelopmentCo. v. Gluck, 2 N.J. Mis. R. 681; Fittichauer v. MetropolitanFire Proofing Co., 70 N.J. Eq. 429; 61 Atl. Rep. 746; Barry v.Tunick, 97 N.J. Eq. 281; 127 Atl. Rep. 658; Arlington Realty v.Gluck, 98 N.J. Eq. 62; 130 Atl. Rep. 809.
The land in dispute has been used and operated by some of the defendants as a garden, and for other purposes, before and since the deed to Cila Joffe, Exhibit C-1, was executed.
It was testified to by Elmer A.E. Blackwell, the engineer and surveyor, that the third course in the deed, Exhibit C-1, was a nullity and surplusage because it would run along a part of the fourth course of the first tract in said deed. That observation by the witness appears to be the fact.
The mistake in the description in the deed (Exhibit C-1) was discovered after Mrs. Gliksman had agreed to convey the remainder of her property from Mr. and Mrs. Joffe's westerly line as shown by the fence posts, westerly to County Road, and southerly from a so-called street, "East View Terrace," and after Mr. and Mrs. Emerizy had had a search made of the title to the premises, and found the surplusage. I am satisfied that the scrivener's mistake is not due to negligence, as complainant contends. See Mullen
v. Cronan, 90 N.J. Eq. 392; 107 Atl. Rep. 793.
Mrs. Gliksman testified that she tendered the deed of correction *Page 374 
(Exhibit C-2) to the complainant's husband, Jacob Joffe. She declared he was the person who made all the negotiations with her for the purchase of the premises; paid the purchase price therefor and arranged that the title be placed in the name of his wife, Cila, the complainant. She said that he accepted the deed correcting the error; and with his approval she thereafter had it recorded in the office of the clerk of Bergen County.
The second course in the second tract fixes and establishes the direction and location of the boundary line which is in dispute. That course runs north 49 degrees 26 minutes east, and is at right angles to that portion of East View Terrace, which runs along the northerly boundary line of the lands of complainants on a course of south 40 degrees 34 minutes east.
The complainant argues that only one stake was placed on the south side of East View Terrace, and that it was located at a point 65.95 feet west of the line of fence posts that were erected by the complainant or her husband Jacob Joffe.
Exhibit D-1, which is a blueprint, does not show a stake located at the point claimed by the complainant. The surveys entitled "Survey made for Fanny Gliksman at Demarest, Bergen Co. N.J., Nov. 28, 1941," and "Survey made for Fanny Gliksman at Demarest, Bergen Co. N.J., Nov. 28, 1941, Revised Dec. 23, 1941" (parts of Exhibit D-1), are each marked with the abbreviation "St." at the point where the disputed boundary line and the line of fence posts intersect the southerly line of East View Terrace, at right angles.
I believe that the execution of the deed to correct the error was necessary and proper to clear up the ambiguities that appear in the original deed, Exhibit C-1.
I feel that the complainant never acquired any right, title or interest in or to any part of the property of the defendant Fanny Gliksman, lying to the west of the disputed boundary line, and the line of fence posts which were erected by the complainant or her husband at right angles to East View Terrace.
The third tract in the complainant's deed, marked ExhibitC-1, comprises the narrow strip of land which runs along the *Page 375 
southerly line of East View Terrace and extends from the westerly line of Piermont Road to the northerly end of the disputed boundary line; if the disputed boundary line runs at right angles to East View Terrace, as claimed by the defendants, then it intersects East View Terrace at a point approximately 492.20 feet west of Piermont Road. If the disputed boundary line runs off in a westerly direction, as claimed by the complainants, then it would intersect East View Terrace at a point approximately 558.15 feet west of Piermont Road. The first course of the Third Tract is 405.50 feet long and the second course is 86.70 feet long, making a total distance of 492.20 feet to the northerly end of the disputed boundary line. The fourth course of the Third Tract runs from the end of the disputed boundary line back to the west line of Piermont Road, a distance of 491.09 feet. The courses of the Third Tract have been marked Z-1, Z-2, Z-3, Z-4 and Z-5, respectively, on the blueprint entitled "Plotting made for Fanny Gliksman at Demarest, Bergen Co. N.J., January 14, 1942" (part ofExhibit D-1). These facts show the intention of both the complainant, Cila Joffe, and the defendant Fanny Gliksman to establish the terminus of the disputed boundary line at a point 492.20 feet west of Piermont Road and not at a point 65.95 feet westerly therefrom as claimed by the complainant.
Our courts take the position that a stated angle of a boundary line will control the line although it changes the distance of the course from the end of the line to the next monument. Platt
v. Bente, 49 N.J. Law 679; 10 Atl. Rep. 360.
When there is a latent ambiguity in the description contained in the deed, or a doubt as to the true location of the lines evidence aliunde is admissible to show where the lines are. Boundaries may be proved by every kind of evidence admissible to establish any other fact. Opdyke v. Stephens, 28 N.J. Law 83.
In the instant case the true location of the boundary line in question was established along a line running at right angles to East View Terrace. Exhibit D-1 shows the boundary line as running at right angles to the southerly line of East View Terrace, and Exhibit D-2 appears to give the correct *Page 376 
location of the boundary line between the lands of the complainant and the lands of the defendants, Albert and Ida Emerizy.
I think there is force in the defendants' contention that the complainant never had peaceable possession or any other kind of possession of the disputed lands lying to the west of her line of fence posts. The complainant had never asserted a right of ownership or interest in the land lying west of the line of fence posts until after the delivery of the deed of correction. The defendants' possession was not questioned until after the execution of the deed of correction (Exhibit C-2). The right of one or more of the defendants to cultivate the land now in dispute as a garden plot over a period of years was never questioned.
I believe that the defendant Fanny Gliksman's application to reform the deed should be granted. I shall advise a decree dismissing the bill.